# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE REFUGIO CORTEZ-GUILLEN,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 09-72358

Agency No.
A030-458-000

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 31, 2010—Seattle, Washington

Filed October 5, 2010

Before: Michael Daly Hawkins, M. Margaret McKeown, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Matt Adams and Betsy Tao, Northwest Immigration Rights Project, Tacoma, Washington, for the petitioner.

Aimee J. Fredrickson and Tim Ramnitz, United States Department of Justice, Office of Immigration Litigation, for the respondent.

## OPINION

BEA, Circuit Judge:

A Mexican, now a lawful permanent U.S. resident, was convicted in Alaska of criminal "coercion." We must now decide whether that state-law conviction constitutes a "crime of violence" under Federal Immigration law. If so, he is subject to removal from this country.

We hold that the Alaska "coercion" conviction does not necessarily equate with a federal "crime of violence" and grant the petition and remand to the Board of Immigration Appeals (BIA) for further proceedings.

I

Jose Cortez-Guillen, a native and citizen of Mexico, entered the United States on July 6, 1973, as a lawful permanent resident. On June 16, 2006, he was arrested and charged with sexual abuse of a minor in the second degree, in violation of Alaska Statute § 11.41.436(a)(2). That charge was ultimately dropped and, on September 16, 2008, Cortez-Guillen instead pleaded guilty to one count of coercion, in violation of Alaska Statute § 11.41.530(a)(1). He was sentenced to four years in prison.

The Department of Homeland Security (DHS) detained Cortez-Guillen and commenced removal proceedings against him as an alien convicted of an aggravated felony. Aggravated felonies include crimes of violence as defined in 18 U.S.C. § 16 for which the term of imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F). At his removal hearing, the Immigration Judge (IJ) held Cortez-Guillen's conviction for coercion was not categorically a crime of violence but that, under the modified categorical approach, Cortez-Guillen's coercion conviction constituted a crime of violence because the 2006 Indictment and Information charged Cortez-Guillen with sexual abuse of a minor. The IJ ordered Cortez-Guillen removed to Mexico.

The BIA affirmed the IJ's order, but on a different ground; it held the coercion was categorically a "crime of violence." Petitioner timely appealed. This petition presents a question of law, which we review *de novo*. 8 U.S.C. § 1252(a)(2)(D); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc).

II

**[1]** Under the *Taylor*[1] categorical approach, we "compare

---

[1]*Taylor v. United States*, 495 U.S. 575 (1990).

the elements of the statute of conviction with a federal defini-
tion of the crime to determine whether conduct proscribed by
the statute [of conviction] is broader than the generic federal
definition." *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.
2008) (citation omitted). Here, the coercion statute provides:

> (a) A person commits the crime of coercion if the
> person compels another to engage in conduct from
> which there is a legal right to abstain or abstain from
> conduct in which there is a legal right to engage, by
> means of instilling in the person who is compelled a
> fear that, if the demand is not complied with, the per-
> son who makes the demand or another may
>
> (1) inflict physical injury on anyone, except under
> circumstances constituting robbery in any degree, *or
> commit any other crime* . . . .

Alaska Stat. § 11.41.530(a)(1) (2010) (emphasis added). The
statute requires the perpetrator to instill fear in the victim,
should he not comply with the demands made on him. But the
fear can be of either physical injury—violence done to him—
or "of any other crime"—which may involve no violence, as
in blackmail. For § 11.41.530(a)(1) to qualify under *Taylor* as
a categorical "crime of violence," it must be either "an
offense that has as an element the use, attempted use, or
threatened use of physical force against the person or property
of another," 18 U.S.C. § 16(a), or "any other offense that is
a felony and that, by its nature, involves a substantial risk that
physical force against the person or property of another may
be used in the course of committing the offense," 18 U.S.C.
§ 16(b). As one can readily see, threat of blackmail, for exam-
ple, is neither.

**[2]** Although the Supreme Court has explained that there
must be "a realistic probability, not a theoretical possibility,
that the State would apply its statute to conduct that falls out-
side the generic definition of a crime," *Gonzalez v. Duenas-*

*Alvarez*, 549 U.S. 183, 193 (2007), we "cannot . . . ignore the plain language of [the statute of conviction]." *Cerezo*, 512 F.3d at 1167. "[W]here, as here, the state statute plainly and specifically criminalizes conduct outside the contours of the federal definition, we do not engage in judicial prestidigitation by concluding that the statute 'creates a crime outside the generic definition of a listed crime.' " *Id.* (quoting *Duenas-Alvarez*, 549 U.S. at 193).

**[3]** Even though the plain text of Alaska's coercion statute criminalizes conduct outside the contours of the federal definition of a crime of violence, we must still consider whether Alaskan courts have interpreted the scope of § 11.41.530(a)(1) more narrowly so as to make it applicable only to conduct that constitutes a crime of violence. *See Cerezo*, 512 F.3d at 1167-68. Here, the Alaskan courts have not interpreted Alaska's coercion statute so as to narrow its scope. The Alaskan courts construe the statute according to its plain text. *See, e.g.*, *Powell v. State*, 12 P.3d 1187, 1190 (Alaska Ct. App. 2000) (requiring the State to prove defendant threatened that, if his demand was not complied with, he "would inflict physical injury on someone *or commit some other illegal act*.") (emphasis added).

Further, a case cited by Cortez-Guillen demonstrates that convictions under § 11.41.530(a)(1) for conduct that does not involve a substantial risk of physical force are not merely the product of legal imagination. In *Alaska v. Wilson*, the defendant was charged with and pleaded guilty to coercion under Alaska Statute § 11.41.530(a)(1). No. 3AN-07-8794 (Alaska Sup. Ct. Dec. 17, 2007). The complaint charged Wilson with coercion based only on a threat to reveal confidential information; no threat of violence was alleged. *Id.*

**[4]** Therefore, because the plain language of § 11.41.530(a)(1) criminalizes conduct that is broader than the federal definition of a crime of violence and because Alaskan courts have not interpreted § 11.41.530(a)(1) more narrowly

than its plain language, § 11.41.530(a)(1) is *not* categorically a crime of violence.

We remand this case to the BIA so that they may address the modified categorical approach in the first instance. *See INS v. Ventura*, 537 U.S. 12 (2002).

**GRANTED AND REMANDED.**