**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CIRILO AARON COVARRUBIAS
TEPOSTE,

*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,

*Respondent.*

No. 08-72516

Agency No.
A078-469-158

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 2, 2010—Pasadena, California

Filed October 26, 2010
Amended January 20, 2011

Before: Diarmuid F. O'Scannlain, Ronald M. Gould and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Gould

## COUNSEL

Michael K. Mehr (argued) and Rachael E. Keast, Law Office of Michael K. Mehr, Santa Cruz, California, for petitioner Cirilo Aaron Covarrubias Teposte.

Manuel Palau (argued), Tony West, and Terri J. Scadron, United States Department of Justice, Civil Division, Washington, D.C., for respondent Eric H. Holder Jr., Attorney General.

## ORDER

Petitioner's Motion to Amend Opinion is GRANTED in part. The opinion filed on October 26, 2010 and published at 623 F.3d 1094, is amended as follows.

The opinion concludes with: "We therefore grant the petition for review. **PETITION GRANTED**." These two sentences shall be deleted and replaced with the following language:

"We therefore grant the petition for review and vacate the order of removal.

**PETITION GRANTED, ORDER VACATED.**"

Footnote 2 shall remain unchanged and shall follow the final sentence in the opinion as amended.

Petitioner's motion for permission to file a supplemental reply to response to motion to amend opinion is denied. No petitions for rehearing or rehearing en banc will be entertained.

**IT IS SO ORDERED.**

---

## OPINION

GOULD, Circuit Judge:

Cirilo Aaron Covarrubias Teposte (hereafter "Covarrubias") petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of an Immigration Judge's ("IJ") order of removal based on a conviction of an aggravated felony. We must decide whether the California offense of shooting at an inhabited dwelling or vehicle is categorically a crime of violence as that term is defined in 18 U.S.C. § 16(b) and therefore is an aggravated felony making Covarrubias removable. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we grant the petition for review.

# I

Covarrubias is a native and citizen of Mexico. He was admitted to the United States as a lawful permanent resident on February 15, 2002. On April 23, 2003, Covarrubias was convicted in state court in California of the offense "Shooting at Inhabited Dwelling or Vehicle" in violation of California Penal Code ("CPC") § 246. He was sentenced to a term of imprisonment of seven years.

The government initiated removal proceedings against Covarrubias on March 12, 2007 by filing a Notice to Appear. The government charged him as removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act (8 U.S.C. § 1227(a)(2)(A)(iii)), alleging that his conviction under CPC § 246 was an aggravated felony in the form of a crime of violence for which the term of imprisonment was at least one year.

On February 28, 2008, Covarrubias appeared at a hearing before the IJ and contested removability, denying the allegations pertaining to the California conviction. The IJ sustained the charge of removability in light of the conviction documents submitted by the Government[1] and the IJ's conclusion that the conviction was an aggravated felony. Covarrubias did not apply for relief from removal. The IJ issued a memorandum and order setting out his reasoning. The IJ determined that § 246 was categorically a crime of violence under both 18 U.S.C. §§ 16(a) and (b) because "the crime of discharging a firearm at an occupied vehicle quite obviously has as an element the use or attempted use of force against the person or property of another, and also poses a substantial risk that force will be actively employed against the person or property of another."

---

[1] The record before the IJ included copies of an incomplete abstract of judgment, the criminal complaint, and the transcript of a sentencing hearing.

Covarrubias appealed the IJ's decision to the BIA, and the BIA dismissed the appeal on May 15, 2008. The BIA agreed with the IJ that CPC § 246 qualifies as a "crime of violence" and therefore as an aggravated felony, but the BIA relied on 18 U.S.C. § 16(b) only and did not address § 16(a). The BIA affirmed the IJ's conclusion that Covarrubias was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Covarrubias filed a petition for review in our court, arguing that, contrary to the BIA's conclusion, his conviction under CPC § 246 is not categorically a crime of violence under § 16(b).

## II

We review de novo whether a criminal conviction is a crime of violence and therefore an aggravated felony rendering an alien removable. *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008). The BIA is not charged with administering 18 U.S.C. § 16 and its interpretation of that statute gains no deference. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1126 n.7 (9th Cir. 2006) (en banc) (citing *Oyebanji v. Gonzales*, 418 F.3d 260, 262 (3d Cir. 2005)).

## III

**[1]** Covarrubias is removable if his conviction in California for shooting at an inhabited dwelling or vehicle constitutes an aggravated felony in the form of a crime of violence for which the term of imprisonment is at least one year. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(F). A "crime of violence" is either:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force

against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. Because the BIA rested its decision in this case on § 16(b) and did not rely on § 16(a), we do not address § 16(a) here.

Covarrubias does not dispute that he was sentenced to seven years' imprisonment for his California offense, and that California law treats his offense as a felony. We have yet to establish whether the word "felony" in § 16(b) is defined as an offense punishable by more than one year in prison, or alternatively as an offense that is characterized as a felony under state law. *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1015 (9th Cir. 2006). We need not decide this question because, under either approach, Covarrubias's offense is a felony and satisfies that element of § 16(b). *See id.* (declining to decide the question of which definition applied because the result would be the same under either definition); *see also United States v. Campos-Fuerte*, 357 F.3d 956, 959 (9th Cir. 2004) (concluding that a conviction for a California "wobbler" offense, which could be either a felony or misdemeanor, was a felony in light of the sentence imposed), *amended by* 366 F.3d 691 (9th Cir. 2004).

**[2]** The question is whether CPC § 246, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). We apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990), and ask whether the full range of conduct proscribed by the statute meets the ordinary, contemporary, and common meaning of § 16(b). *See Fernandez-Ruiz*, 466 F.3d at 1125; *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1222 (9th Cir. 2004). If the statute of conviction is broader in scope than the federal provision, then ordinarily we turn to the modified categorical approach and consult certain documentation in the record to determine whether the conviction entailed

admission to or proof of the necessary elements. *See United States v. Pallares-Galan*, 359 F.3d 1088, 1099 (9th Cir. 2004); *Fernandez-Ruiz*, 466 F.3d at 1132. However, because the BIA did not apply the modified categorical approach and the government did not raise it on appeal, we limit our analysis to the categorical approach. *See Latu v. Mukasey*, 547 F.3d 1070, 1076 (9th Cir. 2008) ("[W]here, as here, the government has not asked us to apply the modified categorical approach, we 'consider only whether the categorical approach is satisfied.' " (quoting *Mandujano-Real v. Mukasey*, 526 F.3d 585, 589 (9th Cir. 2008)).

**[3]** In *Leocal v. Ashcroft*, the Supreme Court addressed the meaning of § 16(a) and explained that the phrase "use . . . of physical force" "requires active employment" of force and suggests a "higher degree of intent than negligent or merely accidental conduct." 543 U.S. 1, 9 (2004). The Court further held that the words "use" and "physical force" in § 16(b) should be given an "identical construction" to § 16(a), again "requiring a higher *mens rea* than merely accidental or negligent conduct." *Id.* at 11. The "reckless disregard in § 16 relates not to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." *Id.* at 10.

**[4]** Thus § 16(b) "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Id.* at 10. The Court in *Leocal* cited burglary as the "classic example" of a § 16(b) offense, explaining that it "would be covered under § 16(b) *not* because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime." *Id.*

**[5]** In *Fernandez-Ruiz*, we joined several other circuits in holding that the reasoning of *Leocal* means that crimes

involving the reckless use of force do not qualify under § 16 as a crime of violence. 466 F.3d at 1129. There we held that "neither recklessness nor gross negligence is a sufficient *mens rea* to establish that a conviction is for a crime of violence" under § 16. *Id.* at 1130. We have since interpreted the en banc decision in *Fernandez-Ruiz* to mean that "reckless use of force is not sufficient to support a finding of commission of a crime of violence within the meaning of § 16(b)." *Malta-Espinoza v. Gonzales*, 478 F.3d 1080, 1084 (9th Cir. 2007). "The effect of our holdings is that in order to be a predicate offense under either 18 U.S.C. § 16 approach, the underlying offense must require proof of an *intentional* use of force or a substantial risk that force will be *intentionally* used during its commission." *United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008). Thus our precedent seems squarely to place crimes motivated by intent on a pedestal, while pushing off other very dangerous and violent conduct that, because not intentional, does not qualify as a "crime of violence."

Covarrubias was convicted of CPC § 246, which provides:

> Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house, occupied building, occupied motor vehicle, occupied aircraft, inhabited housecar, . . . or inhabited camper, . . . is guilty of a felony, and upon conviction shall be punished by imprisonment in the state prison for three, five, or seven years, or by imprisonment in the county jail for a term of not less than six months and not exceeding one year.

> As used in this section, "inhabited" means currently being used for dwelling purposes, whether occupied or not.

CPC § 246.

**[6]** Applying the categorical approach, "we consider not only the language of the state statute, but also the interpreta-

tion of that language in judicial opinions" to give meaning to the elements of CPC § 246. *Ortega-Mendez*, 450 F.3d at 1016. California courts have interpreted the provision to require at minimum a reckless state of mind.

To illustrate: In *People v. Overman*, a California Court of Appeal held that "section 246 is not limited to shooting *directly* at an inhabited or occupied target. Rather, it proscribes shooting *either* directly at *or* in close proximity to an inhabited or occupied target under circumstances showing a conscious disregard for the probability that one or more bullets will strike the target or persons in or around it." 24 Cal. Rptr. 3d 798, 805 (Ct. App. 2005). Similarly, in *People v. Jischke*, the defendant was charged with violating CPC § 246 after shooting a gun through the floor of his apartment into the apartment below. 59 Cal. Rptr. 2d 269, 272 (Ct. App. 1996). The court observed that CPC § 246 is "a general intent crime" and held that "[t]here is no requirement that the defendant intend to strike the building." *Id.*; *see also People v. Chavira*, 83 Cal. Rptr. 3d 851, 855 (Ct. App. 1970) (concluding that the evidence was sufficient to support a jury finding of "intent" to hit a building under CPC § 246 because the defendant had engaged "in a fusillade of shots" with "a reckless disregard" of the probability that some shots would hit the building).

**[7]** In *United States v. Narvaez-Gomez*, we recognized this controlling precedent from California on § 246 and determined that a violation of the statute "may result from purely reckless conduct." 489 F.3d 970, 977 (9th Cir. 2007). Here, the BIA and the government correctly acknowledged that CPC § 246 requires a merely reckless *mens rea*. Given the elements of that statute set by California judicial decisions, we can gather with certainty only that Covarrubias intentionally discharged a gun with reckless disregard as to whether the bullet would hit an inhabited vehicle or dwelling. This creates a risk of injury to other people and damage to property. But it does not involve a substantial risk of using force

with intent against persons or property. *See Tran v. Gonzales*, 414 F.3d 464, 472 (3d Cir. 2005) (concluding that a Pennsylvania offense of reckless burning or exploding did not involve a substantial risk that force would be used). "Reckless conduct, as generally defined, is not purposeful." *Fernandez Ruiz*, 466 F.3d at 1130. An individual may be subjected to prosecution under § 246 if he consciously disregards the risk that the shots he fires will hit a dwelling, but "this subjective awareness of possible injury is not the same as the intentional use of physical force against the person of another." *Id.* at 1130.

**[8]** The government contends that reckless shooting at an inhabited dwelling or vehicle in violation of § 246, like burglary, carries a substantial risk that intentional force will be used not in the act of shooting but rather during the course of commission, through some kind of escalating confrontation. The government posits that the reckless shooting required for CPC § 246 itself does not involve the intentional use of force, but such a shooting will, in the ordinary case, provoke a reaction from the occupant of the target building or vehicle, which will in turn cause the offender to employ intentional force against the occupant.

**[9]** This argument, while not entirely devoid of merit, stretches the Supreme Court's burglary analogy in *Leocal* too far. Burglary is a specific intent crime, while CPC § 246 is a general intent crime. The criminal goal of burglary makes it likely that the offender will undertake other intentional acts to achieve that goal. *See United States v. Becker*, 919 F.2d 568, 571 (9th Cir. 1990) ("Any time a burglar enters a dwelling with felonious or larcenous intent there is a risk that in the course of committing the crime he will encounter one of its lawful occupants, and use physical force against that occupant either to accomplish his illegal purpose or to escape apprehension."). But with a crime committed recklessly, it is unlikely that the reckless actor will, in response to external events, form an intent to use force in furtherance of his crime. *See Tran*, 414 F.3d at 471-73 (concluding that a Pennsylvania

reckless burning statute "does not contemplate a risk that the reckless burning offender will step in and commit an *intentional* act of violence"); *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444, 446-47 (4th Cir. 2005) (concluding that aggravated involuntary manslaughter is not analogous to burglary for purposes of § 16(b) because it "does not intrinsically involve a substantial risk that force will be applied 'as a means to an end' "). Indeed, once the initial shooting has occurred, an offender of CPC § 246 has no further criminal purpose to accomplish through the use of intentional force. The idea that a reckless act of a shooter will provoke violence from a building inhabitant which in turn will provoke a now-intentional action by the shooter in furtherance of his offense is thus too speculative to support a conclusion that CPC § 246 is categorically a crime of violence.

We can imagine scenarios in which a reckless shooter would ultimately use force during the course of the crime after events escalated the violence. Yet there must be a limit to the speculation about what intentional acts could hypothetically occur in response to the crime of conviction. Otherwise, in contravention of *Fernandez-Ruiz*, every recklessly committed offense could categorically satisfy § 16(b) based on the risk, even if remote, that it could lead to future intentional conduct.

Other circuits are in accord. The Seventh Circuit evaluated a similar statute in *Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557 (7th Cir. 2008). The Seventh Circuit held that it was not a categorical crime of violence under § 16(b) to "recklessly, knowingly, or intentionally" perform "an act that creates a substantial risk of bodily injury to another person" by "shooting a firearm into an inhabited dwelling or other building or place where people are likely to gather." *Id.* at 559. The Seventh Circuit distinguished the fact that the offense at issue did "not require *any* purposeful conduct," whereas burglary and other firearms offenses that have been held to constitute crimes of violence "required *intentional* conduct exhibiting a

*reckless* disregard to the likelihood of injury." *Id.* at 561. The court also observed that "[u]nlike burglary, where there necessarily is a risk of force being employed in a confrontation inside the dwelling, the offense of criminal recklessness is complete when the gun is fired." *Id.*

**[10]** Because California Penal Code § 246 is not categorically a crime of violence according to the definition in 18 U.S.C. § 16(b), the BIA erred in affirming the IJ's decision finding Covarrubias removable for an aggravated felony. We therefore grant the petition for review and vacate the order of removal.[2]

**PETITION GRANTED, ORDER VACATED.**

---

[2]We grant this relief under compulsion of our prior precedent. The basic question here is whether the act of intentionally discharging a firearm with conscious disregard of the proximity to an inhabited dwelling or vehicle is by its nature a violent act. It does not take a sophisticated understanding of weaponry to know that if the discharged bullet aimed at the dwelling or vehicle struck a person therein, it would cause grievous harm. Shooting a gun in the direction of another person seems like a paradigm of violent action. The shooter's indifference to the result of his dangerous act might be thought sufficient to call it a "use" of force. But our en banc precedent in *Fernandez-Ruiz* stands in the way of a doctrinal development that would acknowledge the common sense view that shooting at an inhabited structure, whether intentionally or recklessly, is a crime of violence warranting removal under the immigration laws. Our panel has no power to modify circuit precedent, and we are bound by *Fernandez-Ruiz* until such time as the Supreme Court or an en banc panel of our court revisits this issue.