FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BHANWAR S. PUROHIT, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-75027 Agency No. A036-001-632 MEMORANDUM* |
| BHANWAR S. PUROHIT, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 09-73998 Agency No. A036-001-632 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 16, 2011[]
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

The Board of Immigration Appeals (BIA) properly rejected Purohit's argument that voluntary manslaughter under California Penal Code § 192(a) does not necessarily involve the use of physical force, *see* 18 U.S.C. § 16(b); *see also* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). We have rejected this contention with respect to involuntary manslaughter under California Penal Code § 192(b), which is materially identical in all relevant respects to voluntary manslaughter under California Penal Code § 192(a). *See Park v. INS*, 252 F.3d 1019, 1022 (9th Cir. 2001), *overruled in part on other grounds by Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc).

However, under our recent cases, such as *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1052–55 (9th Cir. 2011), which applied the "intentional force" requirement established by *Fernandez-Ruiz*, 466 F.3d at 1132, we hold that California Penal Code § 192(a) is not categorically a crime of violence because it

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

can be committed through the reckless use of force, *see People v. Rios*, 2 P.3d 1066, 1073 n.7 (Cal. 2000); *People v. Lasko*, 999 P.2d 666, 672 (Cal. 2000).[1] We remand for the BIA to "address the modified categorical approach in the first instance." *Cortez-Guillen v. Holder*, 623 F.3d 933, 936 (9th Cir. 2010) (citing *INS v. Ventura*, 537 U.S. 12 (2002) (per curiam)).

We have jurisdiction over Purohit's challenge to the BIA's denial of relief under the Convention Against Torture, *Edu v. Holder*, 624 F.3d 1137, 1141–42 (9th Cir. 2010), and the BIA's denial of Purohit's motion to reopen proceedings, *Sharma v. Holder*, 633 F.3d 865, 868 (9th Cir. 2011). Substantial evidence supports the BIA's findings regarding the likelihood of torture, *see Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009), as Purohit's evidence does not compel the conclusion that he is both likely to be imprisoned on account of his proselytizing and likely to be tortured if he is imprisoned, *cf. Khup v. Ashcroft*, 376 F.3d 898, 907 (9th Cir. 2004). Likewise, Purohit's evidence does not compel the conclusion that he is likely to be a victim of anti-Christian violence. "We are not

---

[1] Although Purohit did not raise this particular question in his briefing to the BIA, he has adequately exhausted the question of whether a conviction under California Penal Code § 192(a) constitutes an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873–74 (9th Cir. 2008). We therefore have jurisdiction over this question. 8 U.S.C. § 1252(d)(1).

in a position to second-guess the [BIA's] construction of the somewhat contradictory" State Department reports submitted by Purohit. *Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir. 2008). The evidence submitted in Purohit's motion to reopen does not establish that it was "more likely than not" that he would be tortured, *Cano-Merida v. INS*, 311 F.3d 960, 965–66 (9th Cir. 2002), and the BIA accordingly was within its discretion to deny the motion, *e.g.*, *Gui v. INS*, 280 F.3d 1217, 1230 (9th Cir. 2002).

Each party shall bear its own costs.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.**

4