**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10364 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00583-JAT-1 |
| v. | |
| MARTIN WALTER DAVIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 11, 2011[**]
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BEA, Circuit Judges.

Martin Walter Davis appeals the district court's imposition of an enhanced

sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for

his conviction for being a felon in possession of a firearm.  We reverse.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our review is *de novo*.  *United States v. Terrell*, 593 F.3d 1084, 1087 (9th Cir. 2010) (review of whether a conviction is a predicate felony).  The evidence is viewed in the light most favorable to the defendant.  *United States v. Phillips*, 149 F.3d 1026, 1029 (9th Cir. 1998)

**I.      Davis's California burglary is not a violent felony under ACCA.**

Under ACCA, a "violent felony" is an offense that is punishable by imprisonment for a term exceeding one year and that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary."  18 U.S.C. § 924(e)(2)(B).  This court recently considered whether first-degree burglary under § 459 qualifies as a "crime of violence" under U.S.S.G. § 2L1.2 cmt. 1(B)(iii).  *United States v. Aguila-Montes de Oca*, 655 F.3d 915, 946 (9th Cir. 2011) (en banc).  The statute at issue in *Aguila-Montes de Oca* defines "crime of violence" as including "burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 2L1.2 cmt. 1(B)(iii).  This definition is almost identical to the definition of "violent felony" under the statute at issue here, and our holding in *Aguila-Montes de Oca* therefore controls.

This court held in *Aguila-Montes de Oca* that first-degree burglary under California Penal Code § 459 is broader than generic burglary for the purpose of § 2L1.2 because § 459 does not require that the defendant's entry into the victim's home be "unlawful or unprivileged."[1] *Aguila-Montes de Oca*, 655 F.3d at 946. A defendant who pleads guilty to the bare elements of that crime has not committed generic burglary, unless the record shows he entered without consent of the owner or lawful possessor of the property. *Id.* at 945–46. In other words, if a defendant's entry was "privileged," he has not committed generic burglary. *Id.* Therefore, under *Aguila-Montes de Oca*, a bare conviction of first-degree burglary under § 459 does not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B). Thus, Davis's conviction for first-degree burglary under § 459 does not categorically qualify him as having committed a "violent felony."

Under the modified categorical approach, the record was not sufficient for the district court to find that Davis admitted entering the residence without consent. Davis pleaded guilty to "[1] willfully and unlawfully enter[ing] the [2] residence, and building occupied by Edward Civington and Richard Rutter, [3] with the intent to commit larceny." Davis did *not* admit, by his guilty plea, that his entry was

---

[1] The California crime of residential burglary requires: (1) entry, (2) into any building or other listed structure, (3) with intent to commit larceny or any felony. *People v. Davis*, 958 P.2d 1083, 1085 (Cal. 1998).

3

"unprivileged" (without consent).

It may beggar common sense to think anyone would consent to another's entry to his home if the homeowner knew the other had an intent to commit larceny therein. However, recourse to common sense cannot overcome our circuit precedent. *See Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1056 n.2 (9th Cir. 2011) ("Our panel has no power to modify circuit precedent, and we are bound . . . until such time as the Supreme Court or an en banc panel of our court revisits this issue."). Davis's plea is similar to the one in *Aguila-Montes de Oca*, where this court held that even though the defendant pleaded guilty to entering "willfully and unlawfully" and "with the intent to commit larceny and any felony," the plea was insufficient to show entry without consent. 655 F.3d at 945–46 (emphasis removed). Similarly, Davis did not explicitly plead guilty to entering the residence without consent, only to doing so "willfully and unlawfully" with larcenous intent. Thus, since we are bound by *Aguila-Montes de Oca*, Davis's first-degree burglary offense does not constitute generic burglary under the modified categorical approach and thus is not a "violent felony" under ACCA.

Our resolution of this case does not preclude the possibility, left open in *Aguila-Montes de Oca*, that in a different case, some "documents of conviction" to which we can refer under our case law, *see Shepard v. United States*, 544 U.S. 13,

4

16 (2005), may include facts that demonstrate that the defendant entered without consent. *Aguila-Montes de Oca*, 655 F.3d at 946 ("[C]onviction records for California burglary cannot demonstrate that a defendant was convicted of generic burglary *unless they do something more* than simply repeat the elements of California burglary" (emphasis added)); *see also U.S. v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (discussing the documents a court may consider under the modified categorical approach). However, in this case, as in *Aguila-Montes de Oca*, the "documents of conviction" neither expressly nor impliedly rule out the possibilities that Davis was attending a dinner party at the owners' invitation, that Davis was house-sitting while the owners were away on vacation, or that his entry into the victims' house was similarly "privileged" (consensual). *See* 655 F.3d at 946.

Because there is not sufficient proof that Davis had committed three violent felonies under 18 U.S.C. § 924(e)(3), he was not eligible for the minimum 15-year-sentence required by ACCA. We therefore reverse Davis's sentence and remand for re-sentencing.

**II.     The district court properly precluded Davis from presenting a justification defense.**

However, the district court correctly granted the government's motion in

5

limine to preclude Davis from presenting evidence that supported a justification defense to being a felon in possession of a firearm and ammunition. Davis contended he possessed a firearm in order to protect himself from his former prison gang. But Davis could not establish a justification defense because he did not show that he had no reasonable alternative to possessing a firearm and ammunition to protect himself from his former prison gang. *See United States v. Phillips*, 149 F.3d 1026, 1029–30 (9th Cir. 1998). We therefore affirm the district court's decision to grant the government's motion to preclude Davis from presenting a justification defense.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

*U.S. v. Davis*, No. 08-10364
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.