**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BYRON ESTUARDO LIMA-LIMA, AKA Byron Lima, AKA Byron E. Lima, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73001 <br><br> Agency No. A041-735-930 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2013
Pasadena, California

Before: PAEZ and HURWITZ, Circuit Judges, and ERICKSON, Chief District
Judge.[**]

Byron Estuardo Lima-Lima ("Lima") petitions for review of the Board of

Immigration Appeals' ("BIA") final order finding him removable because of his

July 2006 conviction for aggravated assault in violation of Arizona Revised

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Statutes sections 13-1204 and 13-1203. Applying the modified categorical

approach, the BIA and immigration judge found that this conviction constituted a

crime of violence under 18 U.S.C. § 16, which is an aggravated felony for

immigration purposes. For the reason set forth below we grant the petition. Our

review is de novo. *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000).[1]

**1.** In determining whether Lima's statute of conviction constitutes an

aggravated felony, we employ a two-part analysis. The first part is the application

of the categorical approach. *Descamps v. United States*, 133 S. Ct. 2276, 2281

(2013); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1125 (9th Cir. 2006). If the

statute does not qualify under the categorical approach, and the statute is

"divisisble," we may apply the "modified categorical approach." *Descamps*, 133

S. Ct. at 2281. Under the modified categorical approach, the court "consult[s] a

limited class of documents . . . to determine which alternative element formed the

basis of the defendant's prior conviction." *Id*. "The court can then do what the

categorical approach demands: compare the elements of the crime of conviction . .

. with the elements of the generic crime." *Descamps*, 133 S. Ct. at 2281. In order

---

[1]Although, we lack jurisdiction to review final orders of removal against aliens who have committed certain criminal offenses, including aliens convicted of aggravated felonies, *see* § 1252(a)(2)(C), we have jurisdiction to determine our own jurisdiction, *see Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000).

for a conviction to be found to constitute a crime of violence, the record "must *unequivocally* establish that the defendant was convicted of the generically defined crime." *United States v. Martinez-Martinez*, 468 F.3d 604, 613-14 (9th Cir. 2006) (citation and alterations omitted).

2. Here, Lima was convicted of aggravated assault in violation of Arizona Revised Statutes sections 13-1204 and 13-1203. A conviction for aggravated assault under sections 13-1204 and 13-1203 does not qualify as a crime of violence under the categorical approach because subsection (A)(1) of section 13-1203 permits a conviction for reckless conduct and reckless conduct will not suffice to establish a crime of violence under 18 U.S.C. § 16. *See Fernandez-Ruiz*, 466 F.3d at 1131–32; *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1053 (9th Cir. 2011).

3. We also conclude that the government has failed to show that Lima's conviction was a crime of violence under the modified categorical approach. The documents of conviction in the record that are relevant to our analysis include: (1) the indictment; (2) the plea agreement; (3) the transcript from the plea hearing; and (4) a minute order recording the plea hearing. *Descamps*, 133 S. Ct. at 2281; *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008), *abrogated on other grounds by Young v. Holder*, 697 F.3d 976, 986 (9th Cir. 2012). The

government argues that these documents show that Lima was convicted under Arizona Revised Statutes sections 13-1204(A)(2) and 13-1203(A)(2). Such a conviction would qualify as a crime of violence. *See United States v. Ceron-Sanchez*, 222 F.3d 1169, 1173 (9th Cir. 2000), *overruled on other grounds by Fernandez-Ruiz*, 466 F.3d at 1126–32. However, we cannot conclude from the documents in the record that Lima was convicted under sections 13-1204(A)(2) and 13-1203(A)(2).

4. Section 13-1203(A)(2) requires that a person "*[i]ntentionally* plac[e] another person in reasonable apprehension of imminent physical injury." Ariz. Rev. Stat. Ann. § 13-1203(A)(2) (emphasis added). Here, the indictment states that Lima acted intentionally. The plea agreement, however, amended the indictment, and the plea agreement does not include an allegation that Lima acted intentionally. In light of the plea agreement, we cannot consider the indictment in determining whether Lima was convicted of a crime of violence. *See United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007).

5. The factual basis set forth in the transcript of the plea colloquy is similarly unavailing because it does not include a statement that Lima acted with intent in brandishing the knife. The minute order relating to the plea hearing also does not establish that Lima admitted to acting with intent. We agree with Lima

4

that we should neither infer nor speculate as to whether his counsel meant to include a statement regarding Lima's *mens rea*. *See Ruiz-Vidal v. Gonzales,* 473 F.3d 1072, 1076 (9th Cir. 2007). Thus, because section 13-1203(A)(2) requires intent, it is not unequivocally clear that he was convicted under this provision. *United States v. Martinez-Martinez,* 468 F.3d 604, 613–14 (9th Cir. 2006).

Accordingly, for the reasons set forth above, we conclude that the record is not sufficient to show that Lima was convicted of a crime of violence. The BIA erred in determining that Lima is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

**PETITION GRANTED.**