

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REID L. TAMAYOSE; NADINE K. TAMAYOSE,<br><br>    Plaintiffs - Appellants,<br><br> V.<br><br>OPTION ONE MORTGAGE CORPORATION, its successors and assigns now known as Sand Canyon Corporation; H&R BLOCK BANK,<br><br>    Defendants - Appellees,<br><br> V.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC.,<br><br>    Defendant-third-party-plaintiff - Appellee,<br><br> V.<br><br>OLD REPUBLIC TITLE & ESCROW OF HAWAII, LTD.,<br><br>    Third-party-defendant - | No. 12-15267<br><br>D<br>.C. No. 1:10-cv-00185-JMS-BMK<br><br><br>MEMORANDUM[*] |

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellee.

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted February 20, 2014[**]
U. Of  Hawaii, Manoa

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Reid and Nadine Tamayose appeal from the district court's grant of summary judgment for defendants in their Truth in Lending Act ("TILA") claim for rescission.  We review de novo an order granting summary judgment, *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009), and affirm.

Under applicable federal law, the parties who seek to rescind a loan agreement under TILA carry the burden of proving that they could tender the loan proceeds to extinguish the loan.  *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003).  The Tamayoses failed to raise a genuine issue of material fact that they could tender the proceeds of the loan in the event that the court granted them rescission.  We do not discuss the Tamayoses' arguments that *Yamamoto* should be overruled.  A three-judge panel is bound by *Yamamoto* "until such time as the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

Supreme Court or an en banc panel of [this] court revisits this issue." *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1056 n.2 (9th Cir. 2011).

**AFFIRMED.**