NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FERNANDO GONZALEZ-
RAMIREZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III,
Attorney General,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 15-71755

Agency No. A090-191-186

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2018
Pasadena, California

Before: FERNANDEZ and CHRISTEN, Circuit Judges, and MARSHALL,**
District Judge.

Fernando Gonzalez-Ramirez, a native and citizen of Mexico and lawful

permanent resident of the United States petitions for review of the Board of

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Consuelo B. Marshall, United States District Judge for the
Central District of California, sitting by designation.

Immigration Appeals' (BIA) determination that he was ineligible for cancellation of removal[1] because he was convicted of a crime of violence.[2] We grant the petition and remand.[3]

Gonzalez was convicted of the crime of discharging a firearm at an unoccupied motor vehicle. *See* Cal. Penal Code § 247(b). We have previously held that discharging a firearm at an occupied motor vehicle[4] is not a categorical crime of violence under § 16 because a person's merely reckless actions[5] are sufficient to support a conviction for that crime. *Covarrubias Teposte*, 632 F.3d at 1052–55;[6] *see also Leocal v. Ashcroft*, 543 U.S. 1, 11, 125 S. Ct. 377, 383, 160 L.

---

[1] 8 U.S.C. § 1229b(a).

[2] *See id.* § 1101(a)(43)(F); *see also* 18 U.S.C. § 16 (hereafter "§ 16").

[3] We note that we do not owe the BIA deference regarding the construction and application of § 16 to state statutes. *See Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1052 (9th Cir. 2011).

[4] Cal. Penal Code § 246.

[5] *See People v. Overman*, 126 Cal. App. 4th 1344, 1356–57, 24 Cal. Rptr. 3d 798, 805–06 (2005); *People v. Cruz*, 38 Cal. App. 4th 427, 432–33, 45 Cal. Rptr. 2d 148, 151 (1995); *People v. Chavira*, 3 Cal. App. 3d 988, 993, 83 Cal. Rptr. 851, 854–55 (1970).

[6] We recognize that *Covarrubias Teposte* relied upon § 16(b) when it decided that section 246 was not a crime of violence, and that the Supreme Court has now indicated that § 16(b) is void for vagueness. *See Sessions v. Dimaya*, __ U.S. __, __, 138 S. Ct. 1204, 1223, __ L. Ed. 2d __ (2018). However, our holding was based upon the fact that reckless use of force was sufficient to support a conviction

(continued...)

2

Ed. 2d 271 (2004);[7] The BIA erred when it relied upon a contrary authority[8] which had been superseded.[9] Because the crime of discharging a firearm at an unoccupied motor vehicle is structured almost exactly like the crime of discharging it at an occupied motor vehicle, the same analysis applies to each of them mutatis mutandis, and the result is also that California Penal Code section 247(b) is not a crime of violence.

Specifically, just as section 246 is a general intent crime,[10] so too is section

---

[6](...continued)
under section 246. *Covarrubias Teposte*, 632 F.3d at 1053–54; *see also United States v. Narvaez-Gomez*, 489 F.3d 970, 976–77 (9th Cir. 2007). The basis of that holding would preclude coverage under § 16(a) as well. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129–30, 1132 (9th Cir. 2006) (en banc).

[7]We are also aware of *Voisine v. United States*, __ U.S. __, 136 S. Ct. 2272, 195 L. Ed. 2d 736 (2016). However, that Supreme Court decision does not affect our § 16(a) case law. *See id.* at __, 136 S. Ct. at 2280 n.4. Thus, our § 16(a) cases remain the law of this circuit. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013).

[8]*United States v. Cortez-Arias*, 403 F.3d 1111, 1116 (9th Cir.), *amended by* 415 F.3d 977 (9th Cir.), *amended by* 425 F.3d 547 (9th Cir. 2005).

[9]*See Narvaez-Gomez*, 489 F.3d at 976 n.3.

[10]*See Overman*, 126 Cal. App. 4th at 1357, 24 Cal. Rptr. 3d at 806.

247(b) a general intent crime.[11]  Thus, both crimes require willful[12] action (the discharge of a firearm at a motor vehicle).[13]  The jury instructions that California courts are "strongly encouraged"[14] to use indicate that the mens rea for both crimes includes willful shooting of a firearm at a motor vehicle.[15]  And while the penalties differ,[16] those for violating section 246 can be materially greater than those for violating section 247(b).  In fine, common sense would lead to the conclusion that it would be strange indeed if a person was eligible for cancellation of removal if he had discharged a firearm at an occupied vehicle, but was not eligible if he had discharged one at an unoccupied vehicle.  There is no basis for holding that the law applicable here fails to accord with common sense.

--------

[11]*See People v. Rubalcava*, 23 Cal. 4th 322, 328, 1 P.3d 52, 56, 96 Cal. Rptr. 2d 735, 739 (2000).

[12]We note that willful implies that the person "knows" and "intends to do what he is doing." *People v. Jerry R. (In re Jerry R.)*, 29 Cal. App. 4th 1432, 1438, 35 Cal. Rptr. 2d 155, 160 (1994).

[13]Section 246 adds "maliciously" as a requisite for conviction, but that is not relevant for our purposes in this case.

[14]*See* Cal. R. Ct. 2.1050(e); *see also People v. Simmons*, 233 Cal. App. 4th 1458, 1477, 183 Cal. Rptr. 3d 597, 613 (2015).

[15]*See* CALCRIM No. 965; CALCRIM No. 966; *see also* CALJIC No. 9.03; CALJIC No. 9.03.2.

[16]The penalty for violation of section 246 is explicitly set forth in the section itself.  The penalty for violating section 247(b) is set forth in the section and at California Penal Code sections 17(a), 1170(h).

Thus, because his conviction for violation of section 247(b) does not render Gonzalez ineligible for cancellation of removal, we grant the petition and remand for further proceedings consistent with this disposition.

Petition GRANTED and REMANDED.

*Gonzalez-Ramirez v. Sessions*, 15-71755

CHRISTEN, Circuit Judge, concurring:

I concur in the court's memorandum disposition, and only write to explain that, in my view, three considerations drive this result. First, California Penal Code § 247(b), like § 246, is a general intent crime that includes "no further mental state beyond willing commission of the act proscribed by law," *People v. Rubalcava*, 23 Cal. 4th 322, 328 (2000), a standard that encompasses recklessness. Second, as the court's memorandum disposition notes, our caselaw requires that to constitute a "crime of violence" under 18 U.S.C. § 16(a), an offense must involve intentional (not merely reckless) conduct. *See Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121, 1130 (9th Cir. 2006) (en banc). Finally, the Supreme Court's recent decision in *Voisine v. United States* expressly left open the question whether § 16(a) includes reckless behavior. 136 S. Ct. 2272, 2280 n.4 (2016). Because Cal. Penal Code § 247(b), the statute of conviction in this case, prohibits a broader array of conduct than the federal statute, § 247(b) does not constitute a categorical crime of violence under 18 U.S.C. § 16(a).