**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,

v.

CHRISTOPHER JOHNSON,
             *Defendant-Appellant.*

No. 18-10016

D.C. No.
2:17-cr-00057-
JCM-CWH-1

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 21, 2018
San Francisco, California

Filed April 9, 2019

Before: Milan D. Smith, Jr., Jacqueline H. Nguyen,
and Mark J. Bennett, Circuit Judges.

Opinion by Judge Bennett

## SUMMARY[*]

### Criminal Law

The panel affirmed a sentence for being a felon in possession of a firearm in a case in which the district court applied a crime-of-violence enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(A) based on the defendant's prior conviction for assault with a deadly weapon in violation of Calif. Penal Code § 245(a)(1).

The panel held that, pursuant to Fed. R. Crim. P. 32(i)(3)(A), the defendant's concessions in the district court foreclose his newly minted argument that his conviction for violating § 245(a)(1) was not for a felony – *i.e.*, an offense "punishable by imprisonment for a term exceeding one year" – but rather for a misdemeanor, under California law. Reviewing de novo, the panel held alternatively that the defendant failed to establish that he received a misdemeanor sentence for his § 245(a)(1) conviction. The panel explained that the defendant's offense never "wobbled" to a misdemeanor, and that the district court therefore did not err in concluding that the defendant was previously convicted of an offense punishable by a term exceeding one year in prison.

The panel held that *Moncrieffe v. Holder*, 569 U.S. 184 (2013), does not alter this court's longstanding precedents holding that a felony conviction under § 245(a)(1) is a crime of violence. The panel explained that *Moncrieffe*'s upshot –

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

a state felony conviction for *conduct* potentially subject to both felony and misdemeanor punishment under the Controlled Substance Act cannot be a predicate offense under the categorical approach – is inapplicable to this case because the fact of a § 245(a)(1) conviction establishes that the defendant was convicted of an offense *punishable* by more than one year in prison. The panel wrote that a wobbler conviction is punishable as a felony, even if the court later exercises its discretion to reduce the offense to a misdemeanor.

## COUNSEL

Amy B. Cleary (argued) and Cullen O. Macbeth, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Defendant-Appellant.

Elizabeth O. White (argued), Appellate Chief; Dayle Elieson, United States Attorney; United States Attorney's Office, Reno, Nevada; for Plaintiff-Appellee.

## OPINION

BENNETT, Circuit Judge:

Christopher Johnson pleaded guilty to one count of being a felon in possession of a firearm. The district court assigned Johnson a base offense level of 20 based on a determination that Johnson had previously been convicted of a "crime of violence" as that term is used in § 2K2.1(a)(4)(A) of the U.S. Sentencing Guidelines Manual ("USSG" or the

"Guidelines"), and sentenced Johnson to 30 months' imprisonment.

On appeal, Johnson argues that the district court erred by applying a crime-of-violence enhancement to his offense level. We first consider whether Johnson's concessions in the district court foreclose his newly minted argument that his underlying conviction for violation of California Penal Code ("CPC") § 245(a)(1) was not actually a felony under California law. Reviewing de novo, we also examine Johnson's CPC § 245(a)(1) conviction to determine whether it truly was for a felony, and if so, whether, in light of *Moncrieffe v. Holder*, 569 U.S. 184 (2013), a felony conviction for violating CPC § 245(a)(1) can be a predicate offense for a crime-of-violence enhancement. Because the answer to all three questions is yes, we affirm Johnson's sentence.

## I.

A grand jury in the District of Nevada indicted Johnson for possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Johnson pleaded guilty without a plea agreement.

The U.S. Probation Office assigned Johnson a base offense level of 20 pursuant to USSG § 2K2.1(a)(4)(A), because of Johnson's prior conviction for a felony crime of violence. The predicate crime was Johnson's 2014 California conviction for assault with a deadly weapon (not a firearm), in violation of CPC § 245(a)(1), for which Johnson served six months in county jail. Probation reduced the offense level by three for acceptance of responsibility, resulting in a total offense level of seventeen. Johnson's advisory Guidelines range was thirty-to-thirty-seven months.

Johnson objected to Probation's classification of his assault-with-a-deadly-weapon conviction as a crime of violence on the basis that the state offense lacked the mens rea to qualify as a crime of violence under the categorical approach. Johnson did not, however, object to Probation's classification of his CPC § 245(a)(1) conviction as a felony, or otherwise assert that the conviction was not for an offense punishable by more than one year in prison. Rather, he conceded in his sentencing memorandum that "[h]e has two prior felony convictions . . . . [He] received his second felony conviction for Assault with a Deadly Weapon-Not a Firearm, for which he received a suspended six-month jail sentence and three years of probation." The district judge asked whether Johnson or his attorney found any "errors or discrepancies" in the presentence investigation report ("PSR"); both answered that they had not.

The district court held that a conviction under CPC § 245(a)(1) is a crime of violence, and overruled Johnson's objections to the PSR. The court sentenced Johnson to thirty months' imprisonment, the low end of his advisory Guidelines range. Johnson timely appealed.

## II.

"We review 'de novo a district court's determination that a prior conviction qualifies as a "crime of violence" under the Guidelines . . . .'" *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (quoting *United States v. Rodriguez-Guzman*, 506 F.3d 738, 740–41 (9th Cir. 2007)).

The parties dispute the proper standard of review for the sub-issue whether Johnson's underlying California conviction for assault with a deadly weapon was punishable by more than one year in prison. Johnson argues that we

should review this issue de novo because he has merely advanced a new argument in support of his preserved claim that the crime-of-violence enhancement was improper. The government urges us to review for plain error only because Johnson failed to make this argument in the district court and because our consideration of this argument would invite improper appellate fact-finding.

As we explain below, this dispute is immaterial to our analysis because Johnson's argument fails under plain error and de novo review. We believe, however, that resolution of this sub-issue is actually governed by Federal Rules of Criminal Procedure Rule 32(i)(3)(A), which permits a district court to find as facts, uncontroverted factual statements in the PSR.

## III.

The Guidelines assign a base offense level of twenty for the offense of unlawful firearms possession by a felon if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(4)(A). The Guidelines define "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a

> forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

USSG § 4B1.2(a).

The two issues presented in this appeal are whether Johnson's assault-with-a-deadly-weapon conviction was for an offense "punishable by imprisonment for a term exceeding one year," and if so, whether CPC § 245(a)(1) can ever, under the categorical approach, be a crime of violence after *Moncrieffe*.[1]

**A.**

Johnson first argues that, by operation of California law, his conviction was for a misdemeanor, not a felony. Because under California law, a misdemeanor is not punishable by a prison term exceeding one year, Johnson asserts that the crime-of-violence enhancement should not apply. Ultimately, Johnson's concessions in the district court foreclose this argument.

The relevant Commentary to the Guidelines defines "felony conviction" as "a prior adult federal or state

---

[1] Johnson also argues that CPC § 245(a) lacks the appropriate mens rea requirement to be considered a crime of violence. As he acknowledges, though, a long line of our cases—most recently *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1066–68 (9th Cir. 2018)—squarely forecloses much of this argument, leaving only Johnson's contention that *Moncrieffe* abrogated our treatment of CPC § 245(a) in the crime-of-violence context.

conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."[2] USSG § 2K2.1 cmt. n.1. The underlying statute of conviction here provides:

> Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.

CPC § 245(a)(1).

The variety of punishments that a defendant can receive for being convicted under CPC § 245(a)(1) demonstrate that the statute is a wobbler. "In the parlance of California law enforcement, a violation of the statute is a 'wobbler' that may be punished either as a felony or as a misdemeanor." *United States v. Diaz-Argueta*, 564 F.3d 1047, 1049 (9th Cir. 2009). "Under California law, a 'wobbler' is presumptively a felony and 'remains a felony except when the discretion is actually exercised' to make the crime a misdemeanor." *Ewing v. California*, 538 U.S. 11, 16 (2003) (quoting *People v. Williams*, 163 P.2d 692, 696 (Cal. 1945)). "To determine whether a conviction for a wobbler is an offense punishable by a term of imprisonment exceeding one year under . . . the

---

[2] The definition of both "felony conviction" (USSG § 2K2.1 cmt. n.1.) and "crime of violence," (*id.* § 4B1.2 (a)) refer to "imprisonment for a term exceeding one year."

Guidelines, the sentencing court must look to state law: Did the California court's treatment of the offense convert it into a 'misdemeanor for all purposes' under [CPC] section 17(b)?" *United States v. Bridgeforth*, 441 F.3d 864, 872 (9th Cir. 2006).**[3]**   If not, the offense remains a felony. A conviction becomes a "misdemeanor for all purposes" when certain conditions are met, including, as relevant here: "[a]fter a judgment imposing a punishment other than imprisonment in the state prison or" "[w]hen the court grants probation to a defendant" without imposition of a sentence "and at the time of granting probation . . . declares the offense to be a misdemeanor." CPC § 17(b)(1) & (3).

Johnson argues that his sentence of six months in the county jail conclusively establishes that he received a "punishment other than imprisonment in the state prison," thus converting his CPC § 245(a)(1) conviction into a "misdemeanor for all purposes" under CPC § 17(b)(1). In addition, Johnson asks us to take judicial notice of several documents related to sentencing in his underlying CPC § 245(a)(1) conviction that, in Johnson's view, establish that his sentence converted his wobbler conviction into a misdemeanor.

---

**[3]** The Guidelines instruct us: "'***Felony conviction***' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 2K2.1 cmt. n.1. Despite this clear admonition, our binding circuit precedent requires us, where wobblers are concerned, to ignore the maximum sentence allowed by statute and instead adopt the designation that California gives to the offense by operation of CPC § 17(b). *See Bridgeforth*, 441 F.3d at 872; *United States v. Robinson*, 967 F.3d 287, 293 (9th Cir. 1992), *recognized as overruled on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1018–20 (9th Cir. 2006).

We reject Johnson's belated attempts to characterize his underlying California conviction as a misdemeanor. Pursuant to Rule 32(i)(3)(A), the district court "may accept any undisputed portion of the presentence report as a finding of fact." The PSR clearly characterized Johnson's assault-with-a-deadly-weapon conviction as a felony. As discussed above, not only did Johnson fail to challenge that description, his counsel affirmatively represented to the court that he had two prior felony convictions, including the CPC § 245(a)(1) conviction at issue here. Additionally, Johnson and his attorney confirmed, in open court, the factual accuracy of the PSR. Because Johnson did not dispute that he had a felony conviction, the district court was entitled, under Rule 32, to accept as a fact the PSR's characterization of his offense of conviction. Thus, pursuant to Rule 32, Johnson's concessions in the district court foreclose his argument that his conviction was not a felony.

Johnson nonetheless argues that the PSR's description of his CPC § 245(a) conviction is at least ambiguous because it also contained the notation that he was "sentenced to six months in jail," which, according to Johnson, means that he received a qualifying misdemeanor sentence under CPC § 17(b)(1). We deem that notation irrelevant because Johnson conceded that the PSR accurately described the conviction as a felony. But even were this not so, the mere fact that Johnson received a six-month jail sentence does not necessarily mean that his conviction was for a misdemeanor. The PSR does not indicate that the California sentencing court entered a judgment imposing a six-month sentence. Indeed, Johnson's six-month term could have been a condition of probation (which seems very likely, for the reasons discussed below), in which case, the "six months in jail" notation would not contradict the PSR's characterization of the offense as a felony.

We addressed a similar situation in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009), and our resolution of the issue in *Grajeda* is instructive here.  Grajeda argued on appeal that the district court erred by failing to resolve a factual dispute surrounding the prior convictions described in the PSR. *Grajeda*, 581 F.3d at 1188. We reviewed the objections that Grajeda made in the district court and concluded that, contrary to his assertions on appeal, "his objections raised only *legal* arguments, not factual ones. Grajeda did not controvert the accuracy of the PSR or argue that he had not been convicted of the listed crimes." *Id.* at 1189. Because Grajeda did not challenge the factual basis for his sentencing enhancement, Rule 32 permitted the district court to accept the PSR's factual findings regarding his underlying convictions. *Id.* at 1188.

So too here. The record shows that Johnson did not challenge the factual accuracy of the PSR's description of his CPC § 245(a)(1) conviction as a felony.[4] Rather, like the defendant in *Grajeda*, Johnson's objections were purely legal: he argued that CPC § 245(a)(1) is overbroad under the categorical approach and thus cannot be considered a crime of violence. Because Johnson failed to controvert the PSR's felony classification of his § 245(a)(1) conviction, the district court was entitled to accept that aspect of the PSR as a finding of fact under Rule 32. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1163 n.4 (9th Cir. 2000) ("The government bears the burden of proving the facts underlying the enhancement. Where, as here, it submits the PSR as proof, and the defendant submits no contrary evidence, the only evidence before the sentencing judge is the

---

[4] Indeed, he did the opposite and expressly confirmed that the PSR was factually accurate.

uncontroverted PSR. In these cases, a judge may rely on it to establish the factual basis for the enhancement.").

We also hold alternatively that Johnson has failed to establish that he received a misdemeanor sentence for his § 245(a)(1) conviction.

Johnson asserts that the state court record supports his claim because the sentencing court asked, before commencing the proceeding, whether there existed "any legal cause why judgment should not be pronounced." While we agree that the court's statement suggested it was about to enter a judgment, we do not agree with Johnson that the court actually did impose a judgment (none appears in the documents that Johnson submitted) or that even if it did so, any such judgment would convert his conviction into a misdemeanor by operation of CPC § 17(b).

Rather, the documents that Johnson submitted contain numerous indications that Johnson received a sentence that did not convert his conviction to a misdemeanor. First the document titled "Felony Plea Form," suggests that Johnson pleaded guilty to a felony. Second, that Form shows Johnson's initials next to this statement: "As a convicted felon, I will not be able to own or possess any firearm." Third, the sentencing memorandum filed in the case, and signed by the defendant, the defense attorney, and the judicial officer, has two boxes at the top: "Felony" and "Misdemeanor." "Felony" is checked.

Finally, and perhaps most importantly, the documents make clear that Johnson received, in addition to a term in county jail, a term of 36 months' formal probation. The documents also show that Johnson's 180-day term in county jail was not a standalone sentence, but rather was a "legal

restriction apply[ing] to a decision to grant probation in this case."

"[A]n order granting probation is not a judgment." *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992) (quoting *People v. Smith*, 16 Cal. Rptr. 12, 13 (Dist. Ct. App. 1961)), *abrogated on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1018–20 (9th Cir. 2006). Where, as here, a California court grants probation "subject to serving the first [six] months in jail," the requirements of CPC § 17(b) are not met. *Id.* at 292. Johnson's offense therefore never "wobbled" to a misdemeanor, and the district court did not err in concluding that Johnson was previously convicted of an offense punishable by a term exceeding one year in prison.

Johnson argues that our recent decision in *United States v. Valencia-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), requires us to hold that his conviction was for a misdemeanor. In *Velencia-Mendoza*, we held that when we consider whether a predicate offense (for purposes of a sentencing enhancement) was "punishable by imprisonment for a term exceeding one year," we must consider, in addition to the relevant statutory maximum sentence for the offense, any mandatory sentencing factors that would limit the actual maximum sentence that the defendant was eligible to receive. *Id.* at 1224. Johnson argues that if we follow *Valencia-Mendoza*'s guidance and take a "realistic look" (*id.* at 1223) at Johnson's CPC § 245(a)(1) conviction, we will arrive at the conclusion that he was convicted of a misdemeanor. We disagree.

In this case, there are no mandatory sentencing factors that would potentially affect whether Johnson's CPC § 245(a)(1) conviction was punishable by a prison term exceeding one year. Rather, we look solely to whether the

actual sentence the court imposed converted Johnson's conviction to a "misdemeanor for all purposes" under CPC § 17(b)—if not, it remains punishable as a felony under USSG § 2K2.1 cmt. n.1. *See Bridgeforth*, 441 F.3d at 872. And as we discussed above, applying CPC § 17 to Johnson's conviction, we readily conclude that the state sentencing court did not convert Johnson's conviction to a misdemeanor. *Valencia-Mendoza* does not alter that analysis or our conclusion.

## B.

We turn next to Johnson's argument that *Moncrieffe* has abrogated our treatment of wobbler offenses in the context of a crime-of-violence sentencing enhancement. We start by briefly describing the framework we use when evaluating whether a prior conviction is for a crime of violence.

We employ the categorical approach described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether Johnson's CPC § 245(a)(1) conviction is a "crime of violence." *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1125 (9th Cir. 2006) (en banc). We consider "whether the offense defined by section 245(a)(1) is categorically a crime of violence by assessing whether the full range of conduct covered by the statute falls within the meaning of that term." *Grajeda*, 581 F.3d at 1189 (internal quotation marks and alterations omitted) (quoting *United States v. Juvenile Female*, 566 F.3d 943, 946 (9th Cir. 2009)); *see also Moncrieffe*, 569 U.S. at 190 ("[W]e look 'not to the facts of the particular prior case,' but instead to whether the 'state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)).

In *Moncrieffe*, the Court held that a Georgia conviction for possession with intent to distribute marijuana was not categorically an aggravated felony for purposes of the Immigration and Nationality Act ("INA"), because the fact of the conviction itself failed to establish that the offense of conviction was comparable to an offense listed in the INA (in that case, the INA referenced the Controlled Substances Act ("CSA")). Because the relevant Georgia law would sustain a felony for transfer of only a small amount of marijuana without remuneration, but the analogous CSA provision would treat the same conduct as a misdemeanor, the Georgia violation was not "'necessarily' [for] conduct punishable as a felony under the CSA," and therefore not categorically an aggravated felony. 569 U.S. at 192.[5]

Johnson argues that *Moncrieffe* abrogates our prior holdings that require us to analyze a wobbler conviction under the categorical approach. "The fact that the law permits conviction as either a misdemeanor or felony does not preclude a categorical analysis." *United States v. Salazar-Mojica*, 634 F.3d 1070, 1072 n.2 (9th Cir. 2011). Under *Moncrieffe*, Johnson argues, "a statute categorically qualifies as a crime of violence only if it is punishable by more than a year in prison *in every case*." Because CPC

---

[5] The statute at issue in *Moncrieffe* is similar to the Guidelines provision at issue here, insofar as it "provides that a 'felony' is an offense for which the 'maximum term of imprisonment authorized' is 'more than one year.'" *Moncrieffe*, 569 U.S. at 188 (quoting 18 U.S.C. § 3559(a)(5)). However, § 3559(a)(5) does not contain language like that present in the relevant Guideline Comment: "'***Felony conviction***'" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, *regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed*." USSG § 2K2.1 cmt. n.1. (emphasis added).

§ 245(a)(1) can be punished as either a felony or a misdemeanor (depending on whether it wobbles), Johnson claims that it is not punishable by more than one year in prison in every case, and therefore is not categorically a crime of violence.

We reject this argument because it misinterprets the scope of *Moncrieffe*. *Moncrieffe* reiterated the proposition that "a state offense is a categorical match with a generic federal offense only if a conviction of the state offense "'necessarily involved facts equating to the generic federal offense.'" 569 U.S. at 190 (internal alterations omitted) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005) (plurality opinion)). "[T]o satisfy the categorical approach, a state . . . offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the [federal analog], and the [federal analog] must 'necessarily' prescribe felony punishment for that conduct." *Id.* at 192; *see also id.* at 197–98 ("[O]ur 'more focused, categorical inquiry' is whether the record of conviction of the predicate offense *necessarily establishes conduct* that the CSA, on its own terms, makes punishable as a felony." (emphasis added) (quoting *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 580 (2010))).

In this case, a conviction under § 245(a)(1) establishes conduct that California law makes punishable as a felony. Indeed, "under California law, a 'wobbler' is presumptively a felony and 'remains a felony except when the discretion is actually exercised' to make the crime a misdemeanor." *Ewing*, 538 U.S. at 16 (internal quotation marks omitted) (quoting *Williams*, 163 P.2d at 696); *see also People v. Superior Court (Alvarez)*, 928 P.2d 1171, 1176 (Cal. 1997) (observing that California law "rests the decision whether to *reduce* a wobbler solely 'in the discretion of the court'")

(emphasis added). The fact of a CPC § 245(a)(1) conviction establishes that the defendant was convicted of an offense *punishable* by more than one year in prison. Thus, *Moncrieffe*'s upshot—a state felony conviction for *conduct* potentially subject to both felony and misdemeanor punishment under the CSA cannot be a predicate offense under the categorical approach—is inapplicable here. *Cf. People v. Finley*, 33 Cal. Rptr. 31, 37 (Cal. Dist. Ct. App. 1963) (holding that a wobbler assault is always a felony for purposes of felony-murder conviction where the defendant is not charged or tried separately for the assault, because "there is . . . no occasion or opportunity to impose a sentence or to thus convert the felony into a misdemeanor. For the purpose of the instant prosecution the infliction of such an assault is felony and can be nothing less").

Johnson argues, though, that a wobbler conviction is not necessarily punishable as a felony because the California legislature has given California sentencing courts the discretion to determine whether the offense is a felony or misdemeanor. Johnson's argument misapprehends the nature of a wobbler under California law.  As noted above, a wobbler "remains a felony . . . 'unless and until the trial court imposes a misdemeanor sentence.'" *Ewing*, 538 U.S. at 28–29 (quoting *In re Anderson*, 447 P.2d 117, 126 (Cal. 1968)). Importantly, though, this "classification of the offense as a misdemeanor [does] not operate retroactively to the time of the crime's commission, the charge, or the adjudication of guilt." *People v. Park*, 299 P.3d 1263, 1268 n.6 (Cal. 2013). A wobbler conviction is therefore punishable as a felony, even if the court later exercises its discretion to reduce the offense to a misdemeanor.

Moreover, this case does not implicate the concern, identified by the Court in *Moncrieffe*, that underlies the

categorical approach: the potential unfairness of relitigation of prior offenses to determine whether the facts of the prior particular offense constitute a crime of violence. Instead, to determine whether a conviction under CPC § 245(a)(1) is punishable as a felony, the court need look only at the defendant's conviction and sentence. *See* CPC § 17(b); *Bridgeforth*, 441 F.3d at 871.

## IV.

Because Johnson confirmed to the district court that the PSR accurately described his CPC § 245(a)(1) as a felony, the court was entitled to rely on that characterization, and we will not disturb it on appeal. We reach the same result reviewing the classification of Johnson's state-court sentence de novo. Finally, *Moncrieffe* does not alter our longstanding precedents holding that a felony conviction under CPC § 245(a)(1) is a crime of violence. We therefore reject Johnson's challenges to the crime-of-violence enhancement to his offense level.

The district court's judgment is **AFFIRMED.**