**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10016 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00057-JCM-CWH-1 |
| v. | |
| CHRISTOPHER JOHNSON, | MEMORANDUM* |
| Defendant-Appellant. | |

On Remand from the United States Supreme Court

Before:  M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

On July 6, 2017, defendant-appellant Christopher Johnson pled guilty to a single count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced him to 30 months' imprisonment. Johnson challenged the validity of the conviction, and this court affirmed. *See United States v. Johnson*, 920 F.3d 628 (9th Cir. 2019). The Supreme Court vacated our judgment and remanded for further consideration in light of *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019). *Johnson v.*

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*United States*, 140 S. Ct. 556 (2019) (mem.). Following the Court's remand, we instructed the parties to submit supplemental briefs. We again affirm Johnson's conviction.

Johnson argues that his conviction is invalid under *Rehaif*, which clarified that an individual must know of his felon status at the time he possessed a firearm in order to be convicted of being a felon in possession, 139 S. Ct. at 2194. Johnson, not having the benefit of *Rehaif*, did not raise this claim in the district court.

Although Johnson correctly points out that his pre-*Rehaif* indictment did not include the *Rehaif* knowledge element, this omission does not require that we vacate his conviction. Alleged "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Untimely and unpreserved sufficiency of the indictment claims are reviewed for plain error. *See United States v. Velasco-Medina*, 305 F.3d 839, 846 (9th Cir. 2002) *abrogated on other grounds by Navarro-Lopez v. Gonzales*, 503 F.3d 1063 (9th Cir. 2007). "Under that test, before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Cotton*, 535 U.S. at 631 (citations, quotations, and brackets omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 631–32

(citations, quotations, and brackets omitted).

The government concedes, and we agree, that the omission of the knowledge of felon status element from the indictment satisfies the first two prongs of plain error analysis—under *Rehaif*, it is clear that this omission was an error and the error is plain. *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019) (holding that failure to instruct the jury to find that the defendant knew he was a felon was an obvious error under *Rehaif*). To show that his substantial rights were affected in the context of a plea, Johnson must "show[] a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) (reciting the standard for the third prong of plain error in the plea context post-*Rehaif*) (quoting *United States v. Bain,* 925 F.3d 1172, 1178 (9th Cir. 2019)). Johnson contends that the omission of the mens rea status element "prevented [him] from investigating and presenting a complete defense to the charge," and that there is "a reasonable probability he would not have entered a guilty plea" if he knew the government had to prove the missing mens rea element.

Assuming without deciding that Johnson's substantial rights were affected, Johnson's claim still fails because he has not shown that the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Benamor*, 937 F.3d at 1188. The Supreme Court has held that where evidence of

the omitted element is overwhelming, prong four of plain error is not met. *See Cotton*, 535 U.S. at 632–33. Here, the evidence is overwhelming that Johnson knew his status, even if it was omitted from the indictment.

First, Johnson submitted to this court his signed state court plea agreement that shows that he initialed next to the statement "*As a convicted felon*, I will not be able to own or possess any firearm," (emphasis added). Second, the same plea agreement also has his initials next to: "I understand that if I violate any of my probation terms, I could be sentenced to the maximum custody term possible under these charges . . . ." The plea agreement lists the charge as a violation of "California Penal Code section 245 (a)(1)" and lists the maximum possible custody term as "4 years." These facts clearly demonstrate that Johnson "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Accordingly, Johnson cannot show that the "fairness, integrity, or public reputation" of this court's proceedings would be compromised if his conviction stood.

Johnson separately contends that his guilty plea is void because the district court did not advise him on the *Rehaif* element during his plea colloquy. Johnson argues that he satisfies the four prongs of plain error, and then argues in his reply brief that, in the alternative, the error is structural and thus requires automatic reversal regardless of whether he meets prongs three and four of the plain error

test. While Johnson is of course correct that the district court erred in failing to instruct him on the knowledge-of-felon status element during his plea colloquy, we hold that Johnson waived his structural error argument and fails to satisfy the fourth element of the plain error test.

The Supreme Court has held that a plea is "constitutionally invalid" where "neither [the defendant], nor his counsel, nor the court correctly understood the essential elements of the crime with which [the defendant] was charged." *Bousley v. United States*, 523 U.S. 614, 618–19 (1998). When Johnson pled guilty, it was not understood that knowledge of his prohibited firearm status was an essential element of the offense with which he was charged. *See Rehaif*, 139 S. Ct. at 2200. Because a defendant has the right to be informed of the charges against him in order for his plea to be knowing and voluntary, *United States v. Pena*, 314 F.3d 1152, 1156–57 (9th Cir. 2003), and because the district court here failed to instruct Johnson on the *Rehaif* element during his plea colloquy, the court erred and that error is plain.

We have previously held that "failure to satisfy a core concern of Rule 11 . . .affect[s a defendant's] substantial rights." *Id.* at 1157. This occurs, for example, when the district court fails to explain the nature of the charges against a defendant when he is accepting a plea. *United States v. Longoria*, 113 F.3d 975, 977 (9th Cir. 1997); s*ee also United States v. Minore*, 292 F.3d 1109, 1119–20 (9th Cir. 2002)

(concluding that the defendant's substantial rights were affected by the district court's failure to inform him that he had a right to make the government prove drug quantity to a jury beyond a reasonable doubt). Since a plea cannot be knowing and voluntary where the district court does not properly instruct a defendant on the essential elements of the crime, *Bousley*, 523 U.S. at 618–19, and because Rule 11(c)'s primary purpose "is to ensure that guilty pleas are knowing and voluntary," *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) (internal quotation marks and citation omitted), Johnson's substantial rights were affected by the district court's failure to instruct on the *Rehaif* element.

Nevertheless, Johnson is not entitled to relief because he does not show how the error affects "the fairness, integrity, or public reputation of judicial proceedings." *Cotton*, 535 U.S. at 631–32 (citation omitted). As to prong four of plain error, Johnson merely reiterates that failing to prove an element is fatal to a conviction and thus violated his due process rights. This contention, however, goes to whether there was an error and whether his substantial rights were affected. It does not properly address prong four of plain error. Johnson does not show how the fairness, integrity, or public reputation of judicial proceedings would be adversely affected by affirming his conviction.

Relying on out-of-circuit precedent, *see United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), Johnson argues for the first time in his supplemental reply brief

6

that the district court's failure to instruct him on the *Rehaif* element constitutes "structural error." Because Johnson failed to raise this argument—that the error is "structural"—in his supplemental opening brief, this argument is waived, and we do not consider its merits. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (holding that the defendant waived a First Amendment challenge to the search of his laptop because he raised it for the first time in his reply brief, even though his opening brief had challenged the constitutionality of the search under the Fourth Amendment).

Defendant's conviction is **AFFIRMED**.