**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,<br>
          *Plaintiff-Appellant*,<br><br>
v.<br><br>
DAVION FITZGERALD,<br>
          *Defendant-Appellee.*

</td><td>

No. 18-10116<br><br>
D.C. No.<br>
2:17-cr-00295-<br>
JCM-NJK-1<br><br>
OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 12, 2019
San Francisco, California

Filed August 26, 2019

Before: William A. Fletcher, Paul J. Watford,
and Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion;
Dissent by Judge W. Fletcher

# SUMMARY[*]

## Criminal Law

Vacating a sentence and remanding for resentencing, the panel held that the defendant's prior Nevada conviction for attempted battery with substantial bodily harm in violation of Nev. Rev. Stat. §§ 200.481(2)(b) and 193.330 qualifies as a felony conviction for a crime of violence under U.S.S.G. § 2K2.1.

Applying *United States v. Johnson*, 920 F.3d 628 (9th Cir. 2019), and observing that the state court treated the defendant's conviction as a felony rather than a misdemeanor, the panel rejected the defendant's contention that the conviction is not a felony conviction because it is a wobbler.

The panel held that the defendant's Nevada conviction qualifies as a crime of violence under the elements clause of U.S.S.G. § 4B1.2(a)(1). In so holding, the panel addressed Nevada's definition of "substantial bodily harm," which includes "prolonged physical pain," and concluded that it is not evident that there's a realistic probability that a defendant could be convicted of Nevada attempted battery with substantial bodily harm without the attempted use of violent force.

Dissenting, Judge W. Fletcher wrote that because "prolonged physical pain," as the Nevada Supreme Court

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

has explained, may be caused by simple touching, and because the definition of "substantial bodily harm" is indivisible, attempted battery with substantial bodily harm under §§ 193.330 and 200.481 does not qualify as a crime of violence under the elements clause.

## COUNSEL

Elizabeth O. White (argued), Appellate Chief; Dayle Elieson, United States Attorney; United States Attorney's Office, Reno, Nevada; for Plaintiff-Appellant.

Amy B. Cleary (argued), Assistant Federal Public Defender; Rene L. Valladares, Federal Public Defender; Office of the Federal Public Defender, Las Vegas, Nevada; for Defendant-Appellee.

## OPINION

PER CURIAM:

Davion Fitzgerald pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the government requested an enhancement under § 2K2.1(a)(4)(A) of the 2016 Sentencing Guidelines, which provides for an increase to a base offense level of 20 if the defendant has a prior "felony conviction of . . . a crime of violence." The government based its request on Fitzgerald's prior Nevada conviction for attempted battery with substantial bodily harm in violation of Nev. Rev. Stat. §§ 200.481(2)(b) and 193.330. The district court declined to apply the enhancement, concluding that Fitzgerald's Nevada conviction qualified neither as a

"felony conviction" nor a "crime of violence." The government has appealed from the sentence imposed. We disagree with the district court on both counts, and therefore vacate Fitzgerald's sentence.

I

Fitzgerald first argues that his Nevada conviction is not a "felony conviction" because it is a "wobbler." That is, under state law, it may be treated as either a felony or a misdemeanor. *See* Nev. Rev. Stat. § 193.330(1)(a)(4); *United States v. Bridgeforth*, 441 F.3d 864, 870 (9th Cir. 2006). The Sentencing Guidelines define a "felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 2K2.1 cmt. n.1. "Despite this clear admonition, our binding circuit precedent requires us, where wobblers are concerned, to ignore the maximum sentence allowed by statute and instead adopt the designation that [the State] gives to the offense." *United States v. Johnson*, 920 F.3d 628, 634 n.3 (9th Cir. 2019). Because "a state court's subsequent treatment of a wobbler is controlling," *Bridgeforth*, 441 F.3d at 872, we must examine how Fitzgerald was actually punished. Here, it is clear that the state court treated his conviction as a felony.

Fitzgerald argues that our precedents on this point did not survive *Moncrieffe v. Holder*, 569 U.S. 184 (2013), but we recently rejected that very argument. *See Johnson*, 920 F.3d at 637–38. Fitzgerald's Nevada conviction therefore qualifies as a "felony conviction" for purposes of U.S.S.G. § 2K2.1.

II

Fitzgerald next contends that his Nevada conviction does not qualify as a "crime of violence."  The commentary to § 2K2.1 defines "crime of violence" by cross-reference to § 4B1.2, which reads:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a).  The first of the numbered clauses is known as the "elements" clause, the second as the "enumerated offenses" clause.  "We use the categorical approach to determine whether a state crime qualifies as a crime of violence for Guidelines purposes." *United States v. Molinar*, 881 F.3d 1064, 1067 (9th Cir. 2017).  Because we conclude that Fitzgerald's conviction qualifies as a crime of violence under the elements clause, we do not address the enumerated offenses clause.

Under the elements clause, we ask whether the Nevada crime of attempted battery with substantial bodily harm "has as an element the use, attempted use, or threatened use of

physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Because this language is identical to that interpreted by the Supreme Court in *Johnson v. United States*, 559 U.S. 133, 136 (2010), we apply *Johnson*'s definition of "physical force": "*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140; *see Molinar*, 881 F.3d at 1068 & n.3. That threshold requires, at the very least, more than "a mere unwanted touching." *Johnson*, 559 U.S. at 142.

In Nevada, a person can commit simple battery with nothing more than an offensive touching. Nev. Rev. Stat. § 200.481(1)(a); *Hobbs v. State*, 251 P.3d 177, 179 (Nev. 2011). But battery with substantial bodily harm, as the name suggests, requires that the battery result in "substantial bodily harm to the victim." Nev. Rev. Stat. § 200.481(2)(b). And attempted battery with substantial bodily harm—Fitzgerald's crime of conviction—requires that the defendant act with the specific intent both to commit battery and to bring about substantial bodily harm. *See* Nev. Rev. Stat. § 193.330(1); *Tanksley v. State*, 944 P.2d 240, 243 (Nev. 1997).[1]

Fitzgerald's offense, therefore, is defined by the bodily injury the defendant intends to produce, not by the actual level of force used. In *United States v. Castleman*, 572 U.S. 157 (2014), the Supreme Court explicitly declined to decide "[w]hether or not the causation of bodily injury necessarily entails violent force." *Id.* at 167. But our court has held that,

---

[1] Because "Nevada's definition of attempt is coextensive with the federal definition," *United States v. Sarbia*, 367 F.3d 1079, 1086 (9th Cir. 2004), there is no possibility that Nevada attempt sweeps more broadly than § 4B1.2's reference to "attempted use . . . of physical force."

in general, "in the context of assault statutes, bodily injury entails the use of violent, physical force." *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1291 (9th Cir. 2017).

Our rule is premised on a straightforward inference that it takes *Johnson*-level force to produce bodily injury. *See id.* at 1290. However, as we acknowledged in *Calvillo-Palacios*, the validity of that inference depends on how a state defines "bodily injury" or, in this case, "substantial bodily harm." *See id.* at 1291–92. To take an extreme example, a state statute that defined bodily injury as merely "an offensive touching" would not require violent force under *Johnson*. 559 U.S. at 142.

Fitzgerald argues that we are dealing with such a statute in this case. Nevada defines "substantial bodily harm" as either "(1) [b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ; or (2) [p]rolonged physical pain." Nev. Rev. Stat. § 0.060. The government does not argue that the statute is divisible, and Fitzgerald does not contest that a conviction under the first definition would necessarily require the use of violent force. So only the second definition—"prolonged physical pain"—matters for our purposes.

In *Collins v. State*, 203 P.3d 90 (Nev. 2009), the Supreme Court of Nevada considered the meaning of the phrase "prolonged physical pain." In sustaining the statute against a vagueness challenge, the court held that "[t]he term 'pain' has multiple meanings, ranging from mild discomfort or dull distress to acute often unbearable agony . . . and cannot be defined further." *Id.* at 92 (internal quotation marks omitted). For pain to be "prolonged," the court stated, there must be "at least some physical suffering that lasts longer

than the pain immediately resulting from the wrongful act." *Id.* at 93. "In a battery," the court further explained, "the wrongdoer would not be liable for 'prolonged physical pain' for the touching itself," but "would be liable for any lasting physical pain resulting from the touching." *Id.* at 93 n.3.

Fitzgerald argues that, because "substantial bodily harm" can mean only "mild discomfort" lasting "longer than the pain immediately resulting from the wrongful act," the inference that violent force is required to inflict such harm is not warranted. He points out that the *Collins* court used "touching the skin of a person who has suffered third degree burns" as an example of an act that would cause "exquisite pain." *Id.* at 92 (citation omitted). Therefore, he argues, Nevada battery with substantial bodily harm can be committed with only a mere touch (and attempted with only an attempted touch), which *Johnson* teaches cannot count as violent force. 559 U.S. at 142.

Supreme Court precedent, however, "requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). Fitzgerald "must demonstrate a realistic probability, not a theoretical possibility, that Nevada would apply its statute to conduct that falls outside the definition of a crime of violence." *United States v. Guizar-Rodriguez*, 900 F.3d 1044, 1052 (9th Cir. 2018) (internal quotation marks omitted). Ordinarily, a defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the overbroad manner for which he argues." *Id.* at 1048 (internal quotation marks omitted). Otherwise, the overbreadth of the state statute must be "evident from its text" or "evident from state court precedents interpreting that text." *Id.* at 1052 (internal quotation marks omitted).

We do not think that *Collins* makes it "evident" that the statute sweeps as broadly as Fitzgerald contends. The decision neither holds nor states that substantial bodily harm can be caused by a mere touch (or by anything less than "violent force"). Although *Collins* uses a touch as an example of an act that may cause pain, 203 P.3d at 92, it never says that the pain would count as "prolonged." Indeed, it clarifies that a batterer is not "liable for 'prolonged physical pain' for the touching itself," but only "for any lasting physical pain resulting from the touching." *Id.* at 93 n.3. These statements make the answer to the question we confront here—whether a defendant could realistically be convicted of attempted battery with substantial bodily harm without the attempted use of violent force—far from evident.

For Fitzgerald to prevail, he would have to show that a defendant could realistically be convicted of attempted battery with substantial bodily harm for trying, with the intent to cause lasting discomfort, merely to touch his victim (or use other nonviolent force). That odd hypothetical strikes us as an exercise of "legal imagination." *Duenas-Alvarez*, 549 U.S. at 193. When someone intends to inflict prolonged pain, even relatively minor pain, it is highly improbable that they would choose to do so through the use of nonviolent force, which could easily fail to accomplish their goal. And for the same reason, it is equally improbable that Nevada prosecutors would be able to secure convictions for attempted battery with substantial bodily harm in cases in which the defendant tried to use only a touch or other nonviolent force. Even if the possibility of such a conviction is not theoretically foreclosed by *Collins*, that decision does not make evident that such a conviction is a "realistic probability." Fitzgerald's argument therefore falls short.

\*      \*      \*

We conclude that Fitzgerald's Nevada conviction for attempted battery with substantial bodily harm qualifies as a felony conviction for a crime of violence under U.S.S.G. § 2K2.1. We therefore vacate Fitzgerald's sentence and remand for resentencing consistent with this opinion.

**VACATED AND REMANDED.**

---

W. FLETCHER. Circuit Judge, dissenting:

I respectfully dissent.

The majority holds that attempted battery with substantial bodily harm qualifies as a "crime of violence" under the "elements clause" of U.S.S.G. § 4B1.2(a)(1) because Nev. Rev. Stat. § 200.481 "has as an element the use, attempted use, or threatened use of physical force." Maj. Op. at 10. I disagree.

### 1. Elements Clause

In *Johnson v. United States*, 559 U.S. 133, 140 (2010), the Supreme Court held that for a conviction under a state statute to qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA"), the "physical force" required under the statute must be "violent force" or "force capable of causing physical pain or injury to another person." "The mere potential for some trivial pain or slight injury will not suffice. Rather, 'violent' force must be 'substantial' and 'strong.'" *United States v. Walton*, 881 F.3d 768, 773 (9th Cir. 2018) (citing *Johnson*, 559 U.S. at 140). Although *Johnson* construed the term "violent felony" under the ACCA, we have applied *Johnson*'s definition of "physical force" to the elements clause of the

phrase "crime of violence" in the Guidelines. *See United States v. Molinar*, 881 F.3d 1064, 1068 (9th Cir. 2017).

Under the categorical approach, we must consider "whether *every* violation of the [Nevada] statute *necessarily* involves violent force." *Solorio-Ruiz v. Sessions*, 881 F.3d 733, 737 (9th Cir. 2018) (emphasis in original). We look to the text of the statute and state court decisions interpreting the statute's terms, treating "state cases examining 'the outer contours of the conduct criminalized by the state statute' as 'particularly important.'" *Id.* (quoting *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017)).

Under Nevada law, simple battery is not a "crime of violence" under *Johnson*'s definition of "physical force." *See United States v. Guizar-Rodriguez*, 900 F.3d 1044, 1049 (9th Cir. 2018). As the Nevada Supreme Court has held, the amount of force required for simple battery in Nevada is "the intentional and unwanted exertion of force upon another, however slight." *Hobbs v. State*, 251 P.3d 177, 180 (2011) (holding that the act of spitting on another is a battery). "[N]onharmful and nonviolent force suffices . . . [the] force need not be violent or severe and need not cause bodily pain or bodily harm." *Id.* at 179.

However, Fitzgerald was not convicted of simple battery. He was convicted of attempted battery with intent to cause substantial bodily harm. *See* Nev. Rev. Stat. §§ 193.330, 200.481. Under Nevada law, "substantial bodily harm" means (1) "Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ;" or (2) "Prolonged physical pain." Nev. Rev. Stat. § 0.060. The parties agree that the first definition of substantial bodily harm under Nevada law requires violent force as understood in *Johnson*.

Therefore, the only question is whether the amount of force required to cause "prolonged physical pain" always involves the violent physical force that *Johnson* requires.

The Nevada Supreme Court has answered this question. The Court has told us that the amount of force required to cause "prolonged physical pain" does not always involve the violent physical force *Johnson* requires. In *Collins v. State*, 203 P.3d 90, 92–93 (Nev. 2009), the Nevada Supreme Court defined "prolonged physical pain" as "some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act." The court wrote that "physical pain" ranges from "mild discomfort or dull distress to acute often unbearable agony. . . . the term 'pain' is necessarily subjective and cannot be defined further." *Id.* at 92 (internal quotations and citations omitted). For example, "touching the skin of a person who has suffered third-degree burns will cause exquisite pain, while the forceful striking of a gymnast in the solar plexus may cause him no discomfort at all." *Id.* (citing *Matter of Philip A.*, 49 N.Y.2d 198 (Ct. App. 1980)).

Because "prolonged physical pain" may be caused by simple touching—as in the Nevada Supreme Court's example, by touching a person suffering from third-degree burns—a conviction for battery causing substantial bodily harm can be sustained through "the merest touching." *See Johnson*, 559 U.S. at 139–43. Battery causing substantial bodily harm may therefore be effectuated under Nevada law by using—or attempting to use—a level of physical force that is insufficient under *Johnson*. Because the Nevada Supreme Court has told us that every violation of Nev. Rev. Stat. § 200.481 does not necessarily involve violent physical force, I would hold that the statute is overbroad and does not categorically qualify as a "crime of violence" under the

elements clause.  And because the definition of "substantial bodily harm" is indivisible, attempted battery with substantial bodily harm under Nev. Rev. Stat. §§ 193.330 and 200.481 does not qualify as a crime of violence under the elements clause.

The majority rejects this straightforward reading of state law as "the application of legal imagination to [the] state statute's language."  Maj. Op. at 8 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).  But the crime I just described was not imagined or abstracted from the bare text of the statute.  Instead, it comes directly from the Nevada Supreme Court's discussion of its own law.  This is precisely the kind of "state case[] examin[ing] the outer contours of the conduct criminalized by the state statute" we are supposed to treat as "particularly important" in deciding whether a state crime involves the use of violent force. *Walton*, 881 F.3d at 771–72 (quoting *United States v. Strickland*, 860 F.3d 1224, 1226–27 (9th Cir. 2017)).

Fitzgerald has thus shown "that a defendant could realistically be convicted of attempted battery with substantial bodily harm for trying, with the intent to cause lasting discomfort, merely to touch his victim (or use other nonviolent force)."  Maj. Op. at 9.  I would conclude that his conviction does not qualify as a crime of violence under the elements clause.

### 2. Enumerated Offenses Clause

Because the panel majority holds that attempted battery with substantial bodily harm under Nev. Rev. Stat. § 200.481 qualifies as a "crime of violence" under the "elements clause" of U.S.S.G. § 4B1.2(a)(1), it did not need to reach the question whether § 200.481 qualifies as a "crime of violence" under the "enumerated offenses clause" of

U.S.S.G. § 4B1.2(a)(2).  Because I disagree with the panel majority on the "elements clause" question, I need to reach the "enumerated offenses" question.  The question is whether a conviction under § 200.481 is a conviction for aggravated assault.

Under the categorical approach, we compare the elements of Nev. Rev. Stat. § 200.481 with the generic federal definition of "aggravated assault" to determine if they are a categorical match.  The generic federal definition of aggravated assault requires "proof of an aggravating factor."  *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014).  We have held that "(1) intent to cause serious bodily injury, and (2) use of a deadly weapon to attempt to cause bodily injury (serious or not), are both generic aggravating factors."  *United States v. Gomez-Hernandez*, 680 F.3d 1171, 1178 (9th Cir. 2012).  It is beyond dispute that attempted battery with substantial bodily harm under Nevada law does not require use of a deadly weapon.  The only serious question is whether "substantial bodily harm" under Nevada law is broader than "serious bodily injury" under generic aggravated assault.  I conclude that it is.

We determine the generic federal definition of "serious bodily injury" by "survey[ing] a number of sources—including state statutes, the Model Penal Code, federal law, and criminal law treatises."  *United States v. Garcia-Jimenez*, 807 F.3d 1079, 1084 (9th Cir. 2015).  "Most often, '[t]he generic definition of an offense roughly corresponds to the definitions of the offense in a majority of the States' criminal codes.'"  *Id.* (citation omitted).

The Model Penal Code defines "serious bodily injury" for purposes of aggravated assault as "bodily injury which creates a substantial risk of death or which causes serious,

permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Model Penal Code § 210.0. A majority of states (approximately 31) use almost precisely this same definition.

Only seven states (including Nevada) incorporate any form of physical pain into their definitions of "substantial bodily harm" or "serious bodily injury." As noted above, Nevada defines "substantial bodily harm" as:

> 1. Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ; or
>
> 2. Prolonged physical pain.

Nev. Rev. Stat. § 0.060. Nevada's first definition is a categorical match for the Model Penal Code's definition and the definition used in at least 31 other states. But the second definition is not. A review of state statutes indicates that only Nevada, North Carolina, North Dakota, Ohio, Tennessee, Utah, and Wyoming incorporate any form of physical pain into their definitions. I therefore conclude that the generic federal definition of "serious bodily injury" does not include "prolonged physical pain" as that term is defined in Nevada law. As a result, Nevada's offense is not a categorical match for the generic federal definition of aggravated assault and is not a "crime of violence" under the enumerated offense clause of U.S.S.G. § 4B1.2(a)(2).

*** 

Attempted battery with substantial bodily harm under Nevada law is not a crime of violence under either the

elements clause or the enumerated offenses clause. I respectfully dissent and would affirm the district court.