NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL MARTINEZ OLMOS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71826 Agency No. A079-145-447 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2019**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and BOUGH,*** District Judge.

Gabriel Martinez Olmos, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order pretermitting his application for cancellation of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

removal on the ground that Martinez Olmos's conviction for battery resulting in substantial bodily harm, a Category C felony under Nevada Revised Statutes § 200.481(2)(b), qualifies categorically as a crime of violence. Martinez Olmos also argues that the IJ erred by denying him the due process right to be heard on removability and failing to inform him that he was eligible for a waiver under 8 U.S.C. § 1182(h).

"Under 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review a final order of removal against an alien who is removable based on his conviction for an aggravated felony." *Barragan-Lopez v. Holder*, 705 F.3d 1112, 1114 (9th Cir. 2013) (citing *Huerta–Guevara v. Ashcroft*, 321 F.3d 883, 885 (9th Cir. 2003)). "However, we retain jurisdiction to determine whether a particular offense constitutes an aggravated felony." *Id.* "We review de novo whether a criminal conviction is a crime of violence and therefore an aggravated felony rendering an alien removable." *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1052 (9th Cir. 2011) (citing *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008)). We hold that Martinez Olmos's conviction under Nevada Revised Statutes § 200.481(2)(b) is an aggravated felony for a crime of violence. We also hold Martinez Olmos's claims of due process violations are meritless. The petition for review is denied.

I.

To qualify for cancellation of removal, an applicant must establish that he "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). An aggravated felony includes "a crime of violence . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). A crime of violence is defined as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). "In interpreting this language, the Supreme Court defined 'physical force' to mean '*violent* force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Perez*, 932 F.3d 782, 785 (9th Cir. 2019) (emphasis in original) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

"To determine whether a conviction under [state law] is for a crime of violence, without regard to the facts underlying the particular conviction, we apply the categorical approach from *Taylor v. United States*, 495 U.S. 575 . . . (1990)." *Flores-Vega v. Barr*, 932 F.3d 878, 882 (9th Cir. 2019) (citing *Flores-Lopez v. Holder*, 685 F.3d 857, 862 (9th Cir. 2012)). Under the categorical approach, the court examines "'the state statute defining the crime of conviction'" to determine whether it "categorically fits within the 'generic' federal definition of a corresponding aggravated felony," in this case a crime of violence. *Moncrieffe v.*

3

*Holder*, 569 U.S. 184, 190 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)).

Martinez Olmos was convicted of battery resulting in substantial bodily harm in violation of Nevada Revised Statutes § 200.481(2)(b), for which he was sentenced to a suspended term of imprisonment of 12–36 months. This court recently held in *United States v. Fitzgerald*, 935 F.3d 814, 816 (9th Cir. 2019) that a conviction for attempted battery with substantial bodily harm under Nevada Revised Statutes §§ 200.481(2)(b) and 193.330 constitutes a crime of violence under the United States Sentencing Guidelines. The definition of a crime of violence under 18 U.S.C. § 16(a) is identical in all material respects to the definition under the U.S.S.G. § 4B1.2(a)(1), and both statutes require the use of violent physical force under *Johnson*. *See United States v. Grajeda*, 581 F.3d 1186, 1190–91 (9th Cir. 2009); *United States v. Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007). This court's analysis in *Fitzgerald* applies here. Martinez Olmos's conviction for battery resulting in substantial bodily harm qualifies as an aggravated felony for a crime of violence under § 16(a).

## II.

Martinez Olmos argues the IJ erred by denying him the due process right to briefing and a hearing on removability. Martinez Olmos failed to argue this contention to the BIA. Under 8 U.S.C. § 1252(d)(1), "[a] court may review a final

order of removal only if the alien has exhausted all administrative remedies available to the alien as of right." "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives the court of jurisdiction to hear the matter." *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987) (citing *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir. 1980), *cert. denied*, 456 U.S. 994 (1982)). "However, due process claims generally are exempt from [the rule of exhaustion] because the BIA does not have jurisdiction to adjudicate constitutional issues." *Vargas*, 831 F.2d at 908 (citing *Bagues-Valles v. INS*, 779 F.2d 483, 484 (9th Cir.1985); *Hernandez-Rivera v. INS*, 630 F.2d 1352, 1355 (9th Cir. 1980)). Even so, Martinez Olmos's argument is meritless as he briefed the issue and waived the merits hearing on the matter.

Martinez Olmos also argues the IJ erred by failing to inform Petitioner that he was eligible for a waiver under § 1182(h) (a "§ 212(h) waiver"). Martinez Olmos did not present this argument to the BIA. However, the argument is one of due process and thus this court has jurisdiction. Under § 212(h), a petitioner waives inadmissibility for crimes involving moral turpitude, certain controlled substance offenses, two or more criminal convictions "for which the aggregate sentences to confinement were 5 years or more," prostitution, and offenses by certain aliens asserting immunity from prosecution. 8 U.S.C. §1182(a)(2)(A)(i)(I)–(II), (a)(2)(B), (a)(2)(D)–(E), and (h). Martinez Olmos asserts his conviction for

battery resulting in substantial bodily harm for which he was sentenced to a suspended term of imprisonment of 12–36 months constitutes multiple criminal convictions for which he was sentenced to confinement for a collective 5 years or more. Martinez Olmos cites no authority that would support such a finding. Martinez Olmos also argues that his aggravated felony conviction does not bar him from eligibility for a § 212(h) waiver. While it is true that an aggravated felony conviction does not bar Martinez Olmos from eligibility, "§ 212(h) does not itself waive an aggravated felony," *Hing Sum v. Holder*, 602 F.3d 1092, 1094 (9th Cir. 2010), and Martinez Olmos's conviction does not otherwise render him eligible for a § 212(h) waiver. Accordingly, this argument fails.

We conclude the BIA properly affirmed the IJ's order pretermitting Martinez Olmos's application and Martinez Olmos remains ineligible for cancellation of removal.[1]

**PETITION FOR REVIEW DENIED.**

---

[1] Martinez Olmos's opposed request (included in Docket Entry No. 37) to stay appellate proceedings is denied.

6