**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ROMIO VILLAGOMEZ,

*Petitioner*,

v.

JAMES R. MCHENRY III, Acting
Attorney General,

*Respondent*.

No. 23-3558

Agency No.
A220-986-286

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2024
San Francisco, California

Filed January 24, 2025

Before: Timothy M. Tymkovich, Milan D. Smith, Jr., and
Patrick J. Bumatay, Circuit Judges.[*]

Opinion by Judge Tymkovich

---

[*] The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

## SUMMARY[**]

## Immigration

Denying Romio Villagomez's petition for review of a decision of the Board of Immigration Appeals, the panel concluded that Villagomez's conviction for felony battery resulting in substantial bodily harm, Nevada Revised Statutes § 200.481(2)(b), is categorically a crime of violence aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

A "crime of violence" is a crime "that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). As set out in *Johnson v. United States*, 559 U.S. 133 (2010), physical force is "force capable of causing physical pain or injury to another person," but requires more than "a mere unwanted touching." In *United States v. Fitzgerald*, 935 F.3d 814 (9th Cir. 2019), this court held that the attempt version of the same Nevada statute is categorically a crime of violence.

Villagomez argued that the Nevada statute criminalizes mere unwanted touching. The panel explained that *Fitzgerald* was binding on this question and, even if it were not, its logic holds for the completed crime because causing "substantial bodily harm" in Nevada necessarily requires *Johnson*-level force.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Villagomez also argued that § 16(a) requires intentional conduct, while the Nevada statute allows conviction where substantial bodily harm occurs recklessly. The panel held that, because it takes *Johnson*-level force to inflict substantial bodily harm and, under Nevada law, a defendant must intend to use that force against another, the inference is that the defendant intends to cause substantial bodily harm by choosing to intentionally deploy *Johnson*-level force directly against another person. In addition, Nevada has clarified that the statute does not encompass injuries caused by reckless deployments of force.

## COUNSEL

David G. Blitzer (argued), University of Nevada Las Vegas, William S. Boyd School of Law, Thomas & Mack Legal Clinic, Las Vegas, Nevada, for Petitioner.

Melissa K. Lott (argued) and Lindsay B. Glauner, Senior Litigation Counsels, Office of Immigration Litigation; Brian M. Boynton, Principal Deputy Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

# OPINION

TYMKOVICH, Circuit Judge:

Romio Villagomez was tried and convicted of felony battery resulting in substantial bodily harm. Because he was in this country illegally, federal officials sought to remove him, concluding his felony conviction qualifies as a crime of violence.

He argues on appeal that his conviction under Nevada law for felony battery resulting in substantial bodily harm does not qualify as a crime of violence under the Supreme Court's categorical framework. He contends that his battery conviction could be established both by the use of non-violent force, a requirement for crime-of-violence offenses, or recklessness, an insufficient mens rea.

We disagree. This circuit has already held that attempted battery under the Nevada statute is categorically a crime of violence. *United States v. Fitzgerald*, 935 F.3d 814, 816–17 (9th Cir. 2019) (per curiam). Since then, two panels have applied *Fitzgerald*'s logic in unpublished opinions to hold the same for completed batteries. *Martinez Olmos v. Barr*, 793 F. App'x 528, 530 (9th Cir. 2019); *United States v. Cotton*, No. 17-10171, 2021 WL 3201073, at *1 (9th Cir. July 28, 2021) (on rehearing). The Immigration Judge likewise concluded *Fitzgerald* controlled, and the Board of Immigration Appeals dismissed Villagomez's appeal.

Consistent with *Fitzgerald*, we conclude that Nevada felony battery resulting in substantial bodily harm is categorically a crime of violence and affirm.

## I. BACKGROUND

Romio Villagomez is a native and citizen of the Federated States of Micronesia. In early 2023, he was convicted of battery resulting in substantial bodily harm under Nevada Revised Statutes (N.R.S.) § 200.481(2)(b), for which he received a 24–60 month suspended sentence.

A few months later, the Department of Homeland Security charged Mr. Villagomez as removable based on his conviction. An Immigration Judge determined that Mr. Villagomez's conviction qualified as a "crime of violence," and so ordered him removed. Mr. Villagomez, through counsel, appealed to the Board of Immigration Appeals, which dismissed the appeal. This timely petition for review followed.

## II. DISCUSSION

### A. Standard of Review

Mr. Villagomez challenges only whether his crime of conviction, N.R.S. § 200.481(2)(b), is a crime of violence. Our jurisdiction is limited to reviewing this legal question. *Guzman-Maldonado v. Garland*, 92 F.4th 1155, 1157 (9th Cir. 2024). "We review de novo whether a criminal conviction is a crime of violence and therefore an aggravated felony rendering an alien removable." *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1052 (9th Cir. 2011).

### B. Legal Framework

"Aliens" are removable when they commit a "crime of violence." *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii). A "crime of violence" is a crime "that has as an element the use, attempted use, or threatened use

of physical force against the person or property of another." 18 U.S.C. § 16(a).

For purposes of § 16(a), physical force is "force *capable* of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis added). After that case, we call this *Johnson*-level force. "[F]orce as small as 'hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling'" is force capable of causing pain, and so qualifies as *Johnson*-level force. *Stokeling v. United States*, 586 U.S. 73, 85 (2019) (quoting *United States v. Castleman*, 572 U.S. 157, 182 (2014) (Scalia, J., concurring)). But *Johnson*-level force requires more than "a mere unwanted touching." *Johnson*, 559 U.S. at 142.

We apply the "categorical approach" to determine whether a state crime qualifies as a crime of violence. *Taylor v. United States*, 495 U.S. 575, 600–02 (1990). "Under this categorical approach, if the state statute of conviction criminalizes more conduct than the federal generic offense," it is not a crime of violence. *United States v. Perez*, 932 F.3d 782, 785 (9th Cir. 2019) (citation omitted). Here, we compare the conduct § 16(a) criminalizes against the conduct that N.R.S. § 200.481(2)(b) criminalizes to see whether the latter is broader than the former.

At bottom, crimes of violence must include (1) the intentional deployment of (2) *Johnson*-level force. The narrow question is whether N.R.S. § 200.481(2)(b) has a lower bar, and so criminalizes conduct § 16(a) does not.

### C. Application

Mr. Villagomez argues the Nevada Statute is broader than § 16(a) on both actus reus and mens rea grounds. In other words, both the conduct and state of mind exceed the scope of § 16(a).

First, he argues the Statute criminalizes physical force that § 16(a) does not—"mere unwanted touching." *See Johnson*, 559 U.S. at 142. Second, he argues § 16(a) requires intentional conduct for each element of the crime, while the Statute allows conviction where "substantial bodily harm" occurs recklessly. Neither argument is persuasive.

We first discuss Nevada's battery law, and then address each of Mr. Villagomez's arguments in turn.

#### 1. Nevada Battery

##### a. Intent

In Nevada, "'[b]attery' means any willful and unlawful use of force or violence upon the person of another." N.R.S. § 200.481(1)(a). "[W]illful" is "synonymous with 'intentional.'" *Cox v. State*, No. 66644, 2016 WL 455647, at *1 (Nev. Feb. 2, 2016) (unpublished) (citing *Robey v. State*, 611 P.2d 209, 210 (Nev. 1980) ("The word 'willful' when used in criminal statutes with respect to proscribed conduct relates to an act or omission which is done intentionally, deliberately or designedly, as distinguished from an act or omission done accidentally, inadvertently, or innocently.")); *Willful*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining willful as "[v]oluntary and intentional, but not necessarily malicious").

Nevada battery is also a general intent crime. *Byars v. State*, 336 P.3d 939, 949 (Nev. 2014) (noting Nevada's battery statute is based on California's and "California has further clarified that battery is a general intent crime"). "General intent" means "the intent to do that which the law prohibits." *Bolden v. State*, 124 P.3d 191, 201 (Nev. 2005) (citing *General Intent*, BLACK'S LAW DICTIONARY (6th ed. 1990)). "[K]nowledge, or general intent, remains a sufficient *mens rea* to serve as the basis for a crime of violence." *United States v. Werle*, 877 F.3d 879, 882 (9th Cir. 2017).[1]

### b. Felony Battery – Substantial Bodily Harm Requirement

Nevada recognizes both simple battery and aggravated felony battery. N.R.S. § 200.481(1)(a), (2)(a)–(b). Simple battery requires only "the intentional and unwanted exertion of force upon another, however slight." *Hobbs v. State*, 251 P.3d 177, 180 (Nev. 2011) (spitting is a battery). This means simple battery does not require *Johnson*-level force, and so it is not a crime of violence under *Johnson*. *United States v. Guizar-Rodriguez*, 900 F.3d 1044, 1049 (9th Cir. 2018).

But Mr. Villagomez was not convicted of simple battery. He was convicted of battery *resulting in substantial bodily harm*. N.R.S. § 200.481(2)(b). In Nevada, "substantial bodily harm" means among other things "prolonged physical

---

[1] Mr. Villagomez concedes that Nevada battery is a general intent crime and that general intent crimes satisfy the mens rea requirement to be a crime of violence, but he argues that recent precedent compels us to consider whether a defendant specifically intends to cause the aggravating element, "substantial bodily harm." This is discussed below at, *see infra* § II(C)(3).

pain." N.R.S. § 0.060. To meet the federal force threshold—*Johnson*-level force—the force used must be "capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Since the Statute's minimum-force requirement (touching) falls below acts identified as *Johnson*-level force, we must work backwards from the resulting injury to determine whether inflicting "substantial bodily harm" in Nevada requires using *Johnson*-level force.

Mr. Villagomez argues the Statute does not since, in his view, "prolonged physical pain" is an injury that could result from less than *Johnson*-level force. Put another way, Mr. Villagomez argues a conviction could lie where a defendant deploys force that is "[*in*]capable of causing physical pain or injury," *Johnson*, 559 U.S. at 140, yet that results in "prolonged physical pain," N.R.S. § 0.060.

If such a conviction is possible, the Statute criminalizes more conduct than federal law, and so is not a categorical match. Citing *Fitzgerald*, the government argues that causing "prolonged physical pain" requires deploying at least *Johnson*-level force. 935 F.3d at 817 ("Our rule is premised on a straightforward inference that it takes *Johnson*-level force to produce bodily injury.").

We must first decide whether inflicting "prolonged physical pain" necessarily requires deploying *Johnson*-level force. We conclude that it does.

### 2. *Actus Reus*

In *Fitzgerald*, a split panel held that the *attempt* version of the Statute is categorically a crime of violence. 935 F.3d at 818–19. We "conclude[d] that [attempted battery with substantial bodily harm] qualifies as a crime of violence

under the elements clause." *Id.* at 816. We based this ruling on the "straightforward inference that it takes *Johnson*-level force to produce bodily injury."**[2]** *Id.* at 817.

That would seem to end the force inquiry. And, as already noted, following *Fitzgerald*, two panels have summarily held that the completed version of the crime is also a crime of violence. *See Martinez Olmos*, 793 F. App'x at 530 ("This court's analysis in *Fitzgerald* applies here. Martinez Olmos's conviction for battery resulting in substantial bodily harm qualifies as an aggravated felony for a crime of violence under § 16(a)."); *Cotton*, 2021 WL 3201073, at \*1 (on rehearing) (concluding that N.R.S. § 200.481 "qualif[ies] as [a] predicate U.S.S.G. § 4B1.2 offense[]").**[3]** Relying on *Fitzgerald*, the Immigration Judge and Board did as well. A.R. 77 ("The court's analysis in *Fitzgerald* applies here"); A.R. 4 (dismissing appeal because *Fitzgerald* "is dispositive of the appeal.").

Mr. Villagomez critiques these decisions as cursory and points out both *Fitzgerald* and *Cotton* drew dissents. Adopting those dissents here, Mr. Villagomez argues both (1) that *Fitzgerald* was wrongly decided, and (2) even if it

---

[2] Though *Fitzgerald* takes a circuitous route to this conclusion, we think this outcome is definitionally required. Recall that *Johnson*-level force is "physical force . . . *capable* of causing physical pain or injury." *Johnson*, 559 U.S. at 140 (emphasis added). Inflicting "prolonged physical pain," N.R.S. § 0.060, requires deploying "force capable of causing physical pain." *Johnson*, 559 U.S. at 140.

[3] The *Cotton* panel actually held this twice—once in a vacated order, and again on rehearing. *United States v. Cotton*, 828 F. App'x 377, 379 (9th Cir.), *reh'g granted, order vacated*, 829 F. App'x 794 (9th Cir. 2020) (mem.), and *amended and superseded on reh'g*, 2021 WL 3201073 (9th Cir. July 28, 2021).

was correctly decided, its focus on attempt makes it distinguishable. Combining those arguments, he invites us to conclude that *Fitzgerald* does not settle the issue before us. We decline.

To start, *Fitzgerald* held that it takes *Johnson*-level force to inflict "substantial bodily injury" in Nevada. *Id.* at 817–18. That holding squarely controls here, and we are bound by it. *See United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015) ("[A]s a three-judge panel we are bound by prior panel opinions . . . .").

Regardless, the *Fitzgerald* court rightly decided that issue. Recall that, for our purposes, "substantial bodily harm" means "prolonged physical pain." N.R.S. § 0.060. In Nevada, "pain has multiple meanings, ranging from mild discomfort or dull distress to acute often unbearable agony . . . and cannot be defined further." *Collins v. State*, 203 P.3d 90, 92 (Nev. 2009) (simplified). For pain to be "prolonged" there must be "at least some physical suffering that lasts longer than the pain immediately resulting from the wrongful act." *Id.* at 93. Thus, the only question is whether it takes *Johnson*-level force to inflict "physical suffering that lasts longer than the pain immediately resulting from the wrongful act." *Id.*; *LaChance v. State*, 321 P.3d 919, 925 (Nev. 2014) (explaining that N.R.S. § 200.481's "prolonged physical pain" element "must necessarily encompass some physical suffering or injury that lasts longer than the pain immediately resulting from the wrongful act" (quoting *Collins*, 203 P.3d at 92–93)). *But see Fitzgerald*, 935 F.3d at 819 (Fletcher, J., dissenting) (arguing it does not).

According to Mr. Villagomez (reframing Judge Fletcher's dissent) the "Nevada Supreme Court has answered this question." *Fitzgerald*, 935 F.3d at 819

(Fletcher, J., dissenting).    Mr. Villagomez points out the *Collins* court used "touching the skin of a person who has suffered third degree burns" as an example of an act that would cause "exquisite pain." *Collins*, 203 P.3d. at 92. Relying on this hypothetical, he asserts battery resulting in substantial bodily harm can be committed merely by touching a burn victim, which, he posits, *Johnson* teaches is insufficient.  We disagree.

First, the *Collins* dicta does not render it "evident" that the Statute criminalizes touching a burn victim. *See Guizar-Rodriguez*, 900 F.3d at 1048 (quoting *United States v. Strickland*, 860 F.3d 1224, 1226 (9th Cir. 2017)).  And Mr. Villagomez "must demonstrate a realistic probability, not a theoretical possibility, that Nevada would apply its statute to conduct that falls outside the definition of a crime of violence." *Id.* at 1052 (simplified); *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (noting that avoiding a categorical match "requires more than the application of *legal imagination* to a state statute's language." (emphasis added)).

The *Collins* court's speculation about whether touching a burn victim would cause "exquisite pain"—which occurs only in a parenthetical—does not mean there is a "realistic probability" Nevada prosecutors would convict someone in that scenario. *See Fitzgerald*, 935 F.3d at 818 ("Even if the possibility of such a conviction is not theoretically foreclosed by *Collins*, that decision does not make evident that such a conviction is a 'realistic possibility.'"). Ordinarily, a defendant "must at least point to his own case or other cases in which the state courts in fact did apply the statute in the overbroad manner for which he argues." *Guizar-Rodriguez*, 900 F.3d at 1048 (quoting *Gonzales*, 549 U.S. at 193).  Otherwise, the statute's overbreadth must be

"'evident from its text'" or "'evident' from state court precedents interpreting that text." *Id.* at 1052 (quoting *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1010 (9th Cir. 2015)).

Mr. Villagomez points to no case where Nevada has convicted anyone for anything approaching mere touching. And the *Collins* court never said, much less held, that touching a burn victim would suffice for liability. Although it uses that example as an act that may cause pain, it never says that such pain would count as "prolonged"—the Nevada requirement for substantial bodily harm. "Indeed, it clarifies that the batterer is not liable for prolonged physical pain for the touching itself" but might be "for any *lasting* physical pain *resulting from the touching*." *Fitzgerald*, 935 F.3d at 818 (emphasis added) (citation omitted).

*Fitzgerald*'s "straightforward inference that it takes *Johnson*-level force to produce bodily injury," 935 F.3d at 817, is supported by *United States v. Perez*. *Perez* held that Cal. Penal Code § 243(d)—California's battery statute on which Nevada's is based—is a crime of violence. 932 F.3d at 789. *Perez* demonstrates that the *Fitzgerald* inference holds even if ordinary battery can be committed by a mere offensive touching because the aggravating element of resulting bodily injury cabins convictions to only those acts where sufficient bodily harm actually results. In other words, the aggravating element (substantial bodily harm) acts like a *Johnson*-level force filter.

*Fitzgerald* is binding on the *Johnson*-level force question. But even if it were not, its logic holds for the completed crime because causing "substantial bodily harm" in Nevada necessarily requires deploying *Johnson*-level force.

### 3. *Mens Rea*

Lastly, Mr. Villagomez attacks the Statute's mens rea by arguing its willfulness requirement applies only to the intent to *use* force, and not the intent to *cause* substantial bodily harm. The latter, he asserts, can be brought about recklessly—an insufficient mens rea to be a categorical crime of violence. We disagree.

First, the Statute is a general intent crime. "General intent remains a sufficient mens rea to serve as the basis for a crime of violence." *Werle*, 877 F.3d at 882 (simplified). This makes sense. General intent means "the intent to do that which the law prohibits." *Bolden*, 124 P.3d at 201 (simplified). The Statute prohibits intentionally inflicting *Johnson*-level force "against another" when such force results in substantial bodily harm. *Cox*, 2016 WL 455647, at *2. Since it takes *Johnson*-level force to inflict substantial bodily harm, *Fitzgerald*, 935 F.3d at 818, and a defendant must "intend to use [that] force against another," *Cox*, 2016 WL 455647, at *2, the inference is the defendant intends to cause substantial bodily harm by choosing to intentionally deploy *Johnson*-level force directly *against* another person.

Mr. Villagomez argues *Borden v. United States* compels a different outcome. *See* 593 U.S. 420 (2021) (plurality opinion). *But see Werle*, 877 F.3d at 882 ("[G]eneral intent[] remains a sufficient mens rea to serve as the basis for a crime of violence."); *Amaya v. Garland*, 15 F.4th 976, 983 (9th Cir. 2021) ("[T]he Supreme Court's . . . opinion in *Borden* . . . reinforces our decision in *Werle*."). In *Borden*, the Court held that the elements clause of the Armed Career Criminal Act does not encompass "offenses criminalizing reckless conduct." 593 U.S. at 429. The crime at issue was a Tennessee aggravated assault statute that required

"'[r]ecklessly commit[ting] an assault' and either 'caus[ing] serious bodily injury to another' or 'us[ing] or display[ing] a deadly weapon.'" *Id.* at 424–25 (quoting Tenn. Code Ann. § 39-13-102(a)(2)). The plurality in *Borden* agreed that the "use of force *against* the person of another" requires a conscious object of the force, not a mere incidental recipient. *Id*. at 424–25, 429 (emphasis added) (simplified).

*Borden* facially supports our interpretation because perpetrators cannot be convicted under the Statute where the victim is a mere incidental recipient of the force. *See id.* Rather, a perpetrator must "intend to use force *against another*," *Cox*, 2016 WL 455647, at *2 (emphasis added)— meaning the victim is the direct object of the force—thereby satisfying *Borden*'s "conscious object" requirement, *see Borden*, 593 U.S. at 430. *See also* N.R.S. § 200.481(a) ("'Battery' means any *willful* and unlawful use of force or violence *upon the person of another*." (emphasis added)).

Mr. Villagomez next points to *United States v. Gomez*, which interpreted *Borden* as requiring that each element of a crime of violence have "a mens rea more culpable than simple recklessness." 115 F.4th 987, 992–94 (9th Cir. 2024) (holding that after *Borden*, Cal. Penal Code § 245(a)(1), which criminalizes committing "an assault upon the person of another with a deadly weapon or instrument other than a firearm," is not a crime of violence). Mr. Villagomez argues the Statute could criminalize injuries caused by reckless batteries (such as flailing), so it cannot be a crime of violence under *Gomez*. That argument fails, since Nevada has clarified the Statute does *not* encompass injuries caused by reckless deployments of force. *McDonald v. Sheriff of Carson City*, 512 P.2d 774, 775 n.1 (Nev. 1973) (per curiam) ("The battery charge cannot stand because the record reflects the alleged injury was accidentally inflicted . . . . [I]t

unequivocally appears appellant did not intend to inflict the cut.").

In any event, *Gomez* does not require that a defendant specifically intend the precise injury that results; it merely requires that each element have "a mens rea more culpable than simple recklessness." 115 F.4th at 992–94 ("[I]f a person can be convicted under a criminal statute by using force against another with only the 'conscious[] disregard[]' of a 'substantial and unjustifiable risk [of bodily harm],' the crime is not a crime of violence." (quoting *Borden*, 593 U.S. at 427)). Since "substantial bodily harm" can only result from an intentional deployment of *Johnson*-level force "against another," *Cox*, 2016 WL 455647, at *1–*2, it requires a mens rea higher than simple recklessness, and so satisfies *Gomez*.

\* \* \* \* \*

Because (1) it takes *Johnson*-level force to inflict substantial bodily harm, *Fitzgerald*, 935 F.3d at 818; (2) that force must be intentionally deployed directly "against another," *Cox*, 2016 WL 455647, at *1–*2; *see also Hobbs*, 251 P.3d at 180; and (3) recklessly caused or accidentally inflicted injuries will not support conviction, *see McDonald*, 512 P.2d at 775 n.1, the Statute is categorically a crime of violence. *See Borden*, 593 U.S. at 446 (Thomas, J., concurring) ("use of physical force . . . has a well understood meaning applying only to intentional acts designed to cause harm." (simplified)).

## III. CONCLUSION

We affirm the Board's removability determination by holding that the completed version of N.R.S. § 200.481(2)(b) is categorically a crime of violence.[4]

**PETITION FOR REVIEW DENIED.**

---

[4] We also deny Mr. Villagomez's Supplemental Motion to Stay Removal, Dkt. 48.